Accordingly, plaintiff's motion will be granted.

Charles T. **THIBODEAU et al., Plaintiffs,**

v.

**STATE OF MINNESOTA et al., Defendants.**

**No. 4–75 Civ. 550.**

United States District Court,
D. Minnesota,
Fourth Division.

Sept. 9, 1976.

Charles T. Thibodeau, Donna Thibodeau, Walter B. Cherry and D. Alwyn Stivers, St. Paul, Minn., for plaintiffs.

Jerome F. Chapman, Asst. County Atty., Minneapolis, Minn., for Hennepin County Dist. Court, Stanley Kane and Gary Flakne.

Theodore J. Collins, Collins & Buckley, Altman, Geraghty, Mulally & Weiss, James R. Gowling, St. Paul, Minn., for Minn. State Bar Assn.

Thomas Jensen, Asst. Atty. Gen., St. Paul, Minn., for State of Minn. and Warren Spannaus.

Before BRIGHT and STEPHENSON, Circuit Judges, and McMANUS, District Judge.

## ORDER

This matter is before the three-judge panel on defendants' motions to dismiss and for summary judgment and plaintiffs' motion to amend and for temporary restraining order. All motions have been resisted.

The facts leading up to the present motions are simple and undisputed. On March 26, 1974 the Minnesota State Bar Association commenced an action in the Hennepin County District Court against Charles T. and Donna Thibodeau (Thibodeau) pursuant to § 481.02 Minn.Stat. seeking to enjoin them from the unauthorized practice of law and to compel the repayment of all monies received for legal counseling. The Thibodeaus actively participated in this action for over a year before they filed this action in Minnesota Federal Court on October 29, 1975. This action, filed pro se under 28 U.S.C. § 2201 and 42 U.S.C. § 1983, sought declaratory, injunctive and damages relief from defendants on the basis of the unconstitutionality of § 481.02 Minn.Stat.

After all of the judges in that district disqualified themselves because of their membership in the Minnesota State Bar Association, this action was assigned to

Judge McManus on November 10, 1975. On December 10, 1975 Judge McManus denied plaintiffs' request for a temporary restraining order which would have halted the state proceeding, and requested that a three-judge panel be convened pursuant to 28 U.S.C. § 2284. Ruling was reserved on the pending motions to dismiss, and the three-judge court was convened on December 22, 1975.

The state trial commenced on January 5, 1976 and Judge Kane issued his decision on May 12, 1976 finding that the Thibodeaus had engaged in the unauthorized practice of law and enjoining further such activity by the Thibodeaus and Divorce Education Associates, Inc.[1] but denying the request for reimbursement of legal fees. In his memorandum attached to the order, Judge Kane gave consideration to all of the constitutional arguments urged by plaintiffs in this action and ruled adversely to plaintiffs on each point.

After the injunction was issued by Judge Kane, Thibodeau filed a motion to amend in this action and applied to the state court for a new trial, stay pending appeal and clarification of the scope of the injunction. These motions were denied on July 28, 1976.

In their motion to amend, plaintiffs seek to add an allegation of a conspiracy under 42 U.S.C. § 1985(3), and bad faith prosecution and request that Judge Kane's order be enjoined and set aside. Plaintiffs' proposed amendment, insofar as it attempts to state a claim under § 1985(3), fails because it alleges no racial or class-based invidious discrimination on defendants' part.[2] However, it does appear to attempt to set forth extraordinary circumstances which would entitle plaintiffs to injunctive relief, notwithstanding the principles of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). We therefore grant the motion to amend.

---

1. While Divorce Education Associates, Inc. was not a party to the state action, Judge Kane's injunction applied to it on the theory that the Thibodeaus adequately represented the interests of the Association. Memo p. 15–16.

2. See *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *Bricker v. Crane*, 468 F.2d 1228 (1st Cir. 1972).

■ From a review of the record in this case, it is the view of the court that the principles of federalism and comity set out by the Supreme Court in *Younger v. Harris, supra* ; *Samuels v. MacKell*, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971), and *Huffman v. Pursue Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), require dismissal of this action.

In *Younger* and *Samuels* the Supreme Court held respectively that when a state criminal proceeding under a disputed state criminal statute is pending against a federal defendant at the time the federal complaint is filed, that unless bad-faith enforcement or other special circumstances are demonstrated, principles of equity, comity, and federalism preclude federal injunctive or declaratory relief against the challenged statute.

In *Huffman v. Pursue Ltd., supra,* the court determined that *Younger* was not limited strictly to criminal prosecutions but that the same principles of equity, comity and federalism were of equal import where a plaintiff sought to enjoin a pending state civil action which is quasi criminal in nature or seeks to further the interests protected by criminal law enforcement. See also *Anonymous v. New York City Bar Ass'n*, 515 F.2d 427 (2nd Cir. 1975); *Duke v. Texas*, 477 F.2d 244 (5th Cir. 1973); *Lynch v. Snepp*, 472 F.2d 769 (4th Cir. 1973); *Burdick v. Miech*, 409 F.Supp. 982 (E.D.Wis. 1975); *Williams v. Williams et al.*, 532 F.2d 120 (8th Cir. 1976).

In *Huffman* the court also held that where post-trial intervention would in effect annul the results of a state trial, state appellate remedies must be exhausted unless the *Younger* standards were met. *Huffman, supra,* 420 U.S. at 609, 95 S.Ct. 1200.

Here the state interests involved in the statute in question are clearly of the equal force as those involved in *Huffman.* The statute itself provides for a criminal penalty or, in lieu thereof, for an injunction to halt the objectionable activity. § 481.02(7), Minn.Stat. The county attorney or the attorney general are expressly granted authority to bring injunction suits in the name of the state or on behalf of the State Board of Law Examiners.

Further the Minnesota Supreme Court has permitted actions to be brought under the statute for injunctive relief by state and local bar associations and members thereof on behalf of the bar and the state. *Gardner v. Conway*, 234 Minn. 468, 48 N.W.2d 788 (1951); *Cowern v. Nelson*, 207 Minn. 642, 290 N.W. 795 (1940). In *Gardner,* the court pointed out that actions to prevent the unauthorized practice of law are brought primarily in the public interest to vindicate the authority of the court. *Supra* at 792.

Further it seems apparent that any suit on behalf of the state to enjoin the unauthorized practice of law surely fosters those interests which the Minnesota Legislature sought to protect by declaring the unauthorized practice of law to be a crime. See also *Cousins v. Wigoda*, 463 F.2d 603 (7th Cir. 1972), stay denied 409 U.S. 1201, 92 S.Ct. 2610, 34 L.Ed.2d 15 (1972).

■ Finally, in light of the procedural history of this case, it seems clear that interests of judicial comity which *Younger* and its progeny sought to foster are applicable here. It is clear that federal intervention in the form of either declaratory, injunctive or damage relief would effectively annul the results of the state proceeding and deprive the Minnesota courts of the legitimate function of overseeing the trial court's disposition of the constitutional questions which have arisen. *Huffman v. Pursue Ltd.*, 420 U.S. at 609, 95 S.Ct. 1200. In addition it would frustrate the notion that state courts are equally capable of fulfilling their constitutional mandate to uphold the constitution as the supreme law of the land and cause not only needless friction between the state and federal courts but possibly unnecessary duplication of judicial effort.

■ Accordingly, since plaintiffs have not as yet exhausted their state appellate remedies, the *Younger* standards apply, and absent a showing of bad faith, harassment

or some other special circumstances, the federal court must defer to the state proceeding. *Huffman v. Pursue, supra.*

Bad faith or harassment as used in *Younger* has been generally held to mean that a proceeding has been brought without a reasonable expectation of success. *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *Kugler v. Helfant*, 421 U.S. 117, 126 n. 6, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1974). Here there can be little doubt that this standard has not been met in light of the result of state trial and a review of findings made by the state judge.

A more substantial question is whether the state tribunals are so biased in this case as to constitute extraordinary circumstances making *Younger* inapplicable as in *Gibson v. Berryhill*, 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973).

Plaintiffs' argument in this regard appears to be twofold. First, plaintiffs argue that membership in the Minnesota bar is sufficient to constitute impermissible bias. Second, plaintiffs allege actual participation by some members of the Minnesota Supreme Court in the prosecution of plaintiffs. The factual basis of these allegations is extremely tenuous and arises from Justice Scott's presence as Hennepin county attorney when that *office* conducted an investigation concerning possible unauthorized practice of law by plaintiff and certain meetings between the bar and the court regarding unauthorized practice generally.

Even taking plaintiffs' allegations in their best light, dismissal is still required under *Kugler v. Helfant, supra.* In *Kugler* the court indicated the facts of each case must be closely examined with special attention given to the availability of state procedural remedies which tend to prevent biased adjudication.

Here, at most three of the nine active justices are involved, and Minn.Stat. § 2.724(2) provides adequate procedures for recusal of any justices who might be biased.

Finally, it would appear that in this case plaintiffs' damages claims are so related to the state proceedings that they may not be separated and pursued without the effect of annulling the state proceedings. Compare *Guerro v. Mulhearn*, 498 F.2d 1249 (1st Cir. 1974), with *Sartin v. Comm. of Public Safety of State of Minnesota et al.*, 535 F.2d 430 (8th Cir. 1976).

It is therefore

ORDERED

1. Plaintiffs' motion to amend is granted.

2. Plaintiffs' complaint as amended is dismissed.