575 F.2d 200
 D. Alwyn STIVERS and Walter B. Cherry, Appellants,
v.
STATE OF MINNESOTA, Minnesota State Bar Association, a
Minnesota Corporation, Hennepin County District Court,
Stanley Kane, as District Court Judge for the Hennepin
County District Court, Gary Flakne, as County Attorney for
the County of Hennepin and Warren Spannaus as Attorney
General of the State of Minnesota, Appellees.
 No. 77-1564.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 24, 1978.
Decided May 3, 1978.
 
 Walter B. Cherry and D. Alwyn Stivers, filed pro se briefs.
 Jerome Chapman, Asst. Hennepin County Atty., Minneapolis, Minn., Warren Spannaus, Atty. Gen., Richard B. Allyn, Sol. Gen., and Richard A. Lockridge, Sp. Asst. Atty. Gen., Theodore J. Collins, St. Paul, Minn., filed briefs for appellees.
 Before GIBSON, Chief Judge, VOGEL, Senior Circuit Judge, and HENLEY, Circuit Judge.
 VOGEL, Senior Circuit Judge.
 
 
 1
 Appellants D. Alwyn Stivers and Walter B. Cherry appeal the order of a three-judge district court dismissing their amended complaint.
 
 
 2
 We briefly summarize the history of the case. On March 16, 1974, the Minnesota State Bar Association (Bar Association) filed a suit in Minnesota district court against Charles T. and Donna Thibodeau, Divorce Education Associates, Inc., and various "John Does."[1] The Bar Association sought to enjoin the defendants from engaging in the unauthorized practice of law in violation of Minn.Stat. § 481.02 (1976), and to compel the repayment of all monies received for legal counseling. The defendants defended, inter alia, on the ground that § 481.02 was unconstitutional. The Bar Association subsequently attempted to amend its complaint to include Divorce Education Association, an entity which was apparently separate from the named defendant Divorce Education Associates, Inc., but the court held that Divorce Education Association was not amenable to suit.[2]
 
 
 3
 On October 29, 1975, while the state court action was pending, the Thibodeaus and appellants Stivers and Cherry filed an action in federal district court[3] against the Bar Association, the state district court and district court judge, the State of Minnesota, the Attorney General of the State of Minnesota, and the Hennepin County Attorney. The complaint alleged, inter alia, that the plaintiffs were members of Divorce Education Association and that the action pending in the state court threatened the plaintiffs' continued involvement in that Association in deprivation of their constitutional rights. The action sought a temporary restraining order against the state proceedings, a declaration that § 481.02 was unconstitutional, an injunction against its enforcement, and damages.
 
 
 4
 On December 10, 1975, the federal district judge denied plaintiffs' request for a temporary restraining order and requested that a three-judge panel be convened pursuant to 28 U.S.C. § 2284 (1970) (amended 1976). The three-judge court was convened on December 22, 1975.[4]
 
 
 5
 The state court trial commenced on January 5, 1976, before District Court Judge Stanley Kane. The trial concluded on February 10, 1976, and on May 12, 1976, Judge Kane issued his decision concluding that § 481.02 was constitutional, and finding that the defendants had engaged in the unauthorized practice of law. In a detailed order, Judge Kane enjoined the defendants from engaging further in the activity found to constitute unauthorized practice. Judge Kane also enjoined certain activities of Divorce Education Association, although the latter was not a party to the suit.[5] The Bar Association's request for reimbursement of legal fees was denied. A timely appeal was taken by the defendants from this decision to the Supreme Court of Minnesota. The Supreme Court of Minnesota subsequently dismissed the appeal for lack of prosecution.
 
 
 6
 After the state district court decision was filed, the federal court plaintiffs below sought to amend their complaint to add allegations of conspiracy under 42 U.S.C. § 1985(3) (1970) and bad faith prosecution, and to request that Judge Kane's order be enjoined and set aside. On September 9, 1976, the three-judge district court, in a well-reasoned opinion, issued an order (1) granting the plaintiffs' motion to amend, and (2) dismissing the complaint as amended. Thibodeau v. State of Minnesota, 419 F.Supp. 87 (D.Minn.1976), vacated for a new order sub nom., Stivers v. Minnesota, 429 U.S. 1084, 97 S.Ct. 1090, 51 L.Ed.2d 530 (1977). The court noted that Judge Kane had given consideration to all of the constitutional arguments urged by the plaintiffs in the federal action and had ruled adversely to them on each point. The dismissal was grounded on the principles of federalism and comity set forth by the Supreme Court in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971); and Huffman v. Pursue, Ltd., 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975).[6] Stivers and Cherry appeal the order of dismissal.[7]
 
 
 7
 As we read their brief, appellants, who are appealing pro se, contend that the three-judge district court erred in applying Younger principles to them because they were not named parties in the state court action. They also argue that state court remedies have been exhausted and that the principles of comity and federalism no longer apply. We reject both arguments and affirm.
 
 
 8
 Ordinarily, persons not subject to ongoing state proceedings may seek declaratory relief, Steffel v. Thompson, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974), or a preliminary injunction, Doran v. Salem Inn, Inc., 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975), in federal district court against the threatened enforcement of an allegedly unconstitutional state statute without meeting the requirements of Younger. However, the Supreme Court has indicated that in some circumstances the comity considerations of Younger will apply to parties seeking relief in federal court, even though no state proceedings are pending against them by name. Hicks v. Miranda, 422 U.S. 332, 348-49, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975); Allee v. Medrano, 416 U.S. 802, 831, 94 S.Ct. 2191, 40 L.Ed.2d 566 (1974) (Burger, C. J., concurring). Such a case may arise where the interests of the parties seeking relief in federal court are closely related to those of parties in pending state proceedings and where the federal action seeks to interfere with pending state proceedings. Hicks v. Miranda, supra. But cf. Doran v. Salem Inn, Inc., supra (where three corporations had similar business activities but were unrelated in terms of ownership, control and management, state proceedings against one of the corporations did not bar the other two corporations from seeking preliminary injunctive relief in federal court).
 
 
 9
 Before the three-judge district court, appellants made no attempt to distinguish their interests from those of their co-plaintiffs, the Thibodeaus, who were state court parties.[8] Rather, appellants' pleadings indicate that their interests and the interests of the Thibodeaus are closely intertwined. They alleged that they are co-members with the Thibodeaus in Divorce Education Association; appellant Stivers and Donna Thibodeau are on the board of directors, and appellant Cherry and Charles T. Thibodeau are employees of the Association. The only standing to challenge § 481.02 demonstrated by appellants arises from the alleged impact that Judge Kane's injunction issued against the Thibodeaus, and against Divorce Education Association, will have on appellants as members of the Association. Further, appellants sought by their federal action to interfere with the state proceedings; they requested a stay of the state proceedings in their original complaint, and a temporary and permanent injunction against Judge Kane's order in their amended complaint. Under these circumstances, the three-judge district court correctly applied the principles of Younger to appellants, even though they were not named as parties in the state proceedings.
 
 
 10
 The appellants' second contention is that state court remedies have now been exhausted and that therefore the principles of comity and federalism which barred the district court from considering the case no longer exist. In support of their argument, they attach to their brief a photocopy of the Minnesota Supreme Court order dated May 11, 1977, dismissing the state court appeal for lack of prosecution.[9] They request that we remand the cause to the three-judge district court for proceedings on the merits.
 
 
 11
 In Huffman v. Pursue, Ltd., supra, 420 U.S. at 609, 95 S.Ct. at 1211, the Supreme Court stated:
 
 
 12
 Federal post-trial intervention, in a fashion designed to annul the results of a state trial, . . . deprives the States of a function which quite legitimately is left to them, that of overseeing trial court dispositions of constitutional issues which arise in civil litigation over which they have jurisdiction. . . .
 
 
 13
 (W)e do not believe that a State's judicial system would be fairly accorded the opportunity to resolve federal issues arising in its courts if a federal district court were permitted to substitute itself for the State's appellate courts. We therefore hold that Younger standards must be met to justify federal intervention in a state judicial proceeding as to which a losing litigant has not exhausted his state appellate remedies.
 
 
 14
 The Supreme Court also indicated that parties involved in state proceedings may not avoid the standards of Younger by failing to comply with the procedures of perfecting an appeal within the state judicial system. Id. at 611 n. 22, 95 S.Ct. 1200. But cf. Wooley v. Maynard, 430 U.S. 705, 97 S.Ct. 1428, 51 L.Ed.2d 752 (1977) (where relief sought was wholly prospective, and federal suit was in no way designed to annul the results of a state trial, fact that party had not appealed state convictions did not bar federal court from granting preliminary injunctive relief). Although appellants were not named as parties in the state proceedings, they share an identity of interests with the state court parties and sought identical relief. We think that the principles set forth in Huffman v. Pursue, Ltd., supra, and discussed by the three-judge district court in its opinion, 419 F.Supp. at 90, militate against allowing appellants to avoid the Younger bar through the failure of their co-plaintiffs to prosecute an appeal within the state court system. Therefore, we decline appellants' request for remand.
 
 
 15
 Affirmed.
 
 
 
 [1]
 The various "John Does" made no appearance in the action and were apparently not served with process
 
 
 [2]
 The Bar Association also initiated a separate action against Divorce Education Association, but the action was dismissed on the ground that the latter was not amenable to suit
 
 
 [3]
 After all of the judges in the district of Minnesota disqualified themselves because of their membership in the Minnesota State Bar Association, the action was assigned to The Honorable Edward J. McManus, Chief Judge, United States District Court, Northern District of Iowa
 
 
 [4]
 The three-judge court ultimately consisted of Judge McManus and Judges Myron H. Bright and Roy L. Stephenson of the United States Court of Appeals for the Eighth Circuit
 
 
 [5]
 Judge Kane enjoined advertising by Divorce Education Association through its representatives Charles T. and Donna Thibodeau on the theory that the Thibodeaus represented the Association and aired all of its diverse interests in defending the action
 
 
 [6]
 Younger and Samuels established that when a state criminal proceeding under a disputed state criminal statute is pending against a federal plaintiff at the time the federal complaint is filed, principles of equity, comity and federalism preclude federal injunctive or declaratory relief against the challenged statute unless bad faith enforcement or other special circumstances are demonstrated. In Huffman, the Supreme Court determined that Younger principles applied to state proceedings which, although not strictly criminal in nature, were in aid of or closely related to the state's criminal statutes and sought to protect the interests underlying its criminal laws
 
 
 [7]
 Stivers and Cherry initially filed an appeal with the United States Supreme Court. On February 22, 1977, the Supreme Court remanded the cause to the district court for the entry of a new order from which a timely appeal could be taken to this court, citing MTM, Inc. v. Baxley, 420 U.S. 799, 95 S.Ct. 1278, 43 L.Ed.2d 636 (1975). Stivers v. Minnesota, 429 U.S. 1084, 97 S.Ct. 1090, 51 L.Ed.2d 530 (1977)
 
 
 [8]
 In responding to the defendants-appellees' motions for dismissal, appellants and the Thibodeaus pursued the theory that they should come under the "extraordinary circumstances" exception to the Younger bar. Younger v. Harris, 401 U.S. 37, 45, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)
 
 
 [9]
 We would ordinarily not consider this claim on appeal as it was not before the district court. See Wilson v. United States, 554 F.2d 893, 894 (8th Cir. 1977), cert. denied, --- U.S. ----, 98 S.Ct. 158, 54 L.Ed.2d 117; Morrow v. Greyhound Lines, Inc., 541 F.2d 713, 724 (8th Cir. 1976). The procedure available to the appellants to test this claim would be under Federal Rules of Civil Procedure 15(d) and 60(b). However, the appellees concede in their brief the facts necessary to decide the question posed and we think no useful purpose would be served by subjecting the appellants to the additional time and expense of proceeding in federal district court to determine it