UNITED STATES of America, Plaintiff,

v.

The COMPOSITE STATE BOARD OF MEDICAL EXAMINERS OF the STATE OF GEORGIA, et al., Defendants.

Civ. A. No. C79–1943A.

United States District Court,
N. D. Georgia,
Atlanta Division.

March 27, 1980.

Alice Daniel, Acting Asst. Atty. Gen., Washington, D. C., William L. Harper, U. S. Atty., Atlanta, Ga., Robert J. Franzinger, Leland Ware, Attys., Dept. of Justice, Washington, D. C., for plaintiff.

Arthur K. Bolton, Atty. Gen., John C. Jones, Asst. Atty. Gen., Atlanta, Ga., for defendants.

## ORDER

VINING, District Judge.

The United States filed this action seeking declaratory and injunctive relief against the defendants based upon their actions against Dr. Norris S. Lewis, a physician and Commissioned Officer in the National

Health Service Corps (NHSC). Dr. Lewis, represented by attorneys from the Justice Department, has appealed the disciplinary action taken against him by the defendants to the Superior Court of Fulton County, Georgia, civil action no. C–51995, and his appeal is pending. (The plaintiff previously moved to intervene in that state action, but its motion was denied by the state court.) Now before the court is the defendants' motion to dismiss the complaint based on the Anti-Injunction Act, 28 U.S.C. § 2283, and the equitable doctrine of abstention as elucidated by the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

The National Health Service Corps Act, 42 U.S.C. § 254d *et seq.*, was enacted by Congress in 1976 to alleviate severe inadequacies in the availability of professional health services in specific areas of the United States. The NHSC was created by the Act to provide physicians and other health professionals for underserved areas. The United States Public Health Service (PHS), which supervises the activities of the NHSC follows a practice of hiring physician's assistants to work under the supervision of NHSC physicians. The PHS, while permitting its physician's assistants to order routine medication, has never required them to be licensed in each state in which they serve.

An NHSC physician, Dr. Norris S. Lewis, was assigned to Quitman, Georgia, in October 1976; he was licensed to practice medicine by the State of Georgia at the time of his assignment. Among his responsibilities was the supervision of other assigned NHSC staff members, including Mr. Alan Armstrong, a physician's assistant assigned to Quitman to help relieve Dr. Lewis' increasing patient load. Mr. Armstrong was certified by the State of New York but not by the State of Georgia. Counsel with the regional office of the Department of Health, Education, and Welfare had informed him that a Georgia certificate would not be necessary, notwithstanding Georgia law to the contrary, since it was not required under the policy of the NHSC.

On September 28, 1978, Dr. Lewis was notified by the Composite State Board of Medical Examiners (Board), an agency of the State of Georgia created by statute and responsible for the licensing of physicians and other health professionals as well as being responsible for the regulation of the practice of medicine on behalf of the State of Georgia, that a hearing would be held on November 14, 1978, to determine whether disciplinary action should be taken against him for permitting an unlicensed individual, Alan Armstrong, to practice medicine in violation of Georgia law. The Board found that Dr. Lewis had violated Georgia law, specifically finding violations of Ga.Code Ann. §§ 84–916(a)(9) and 84–6204 by allowing Mr. Armstrong to write prescriptions without his co-signature and by knowingly aiding, assisting, and advising him to practice medicine contrary to Georgia law. Dr. Lewis received a six-month probated suspension of his license, the probation being conditioned upon his compliance with all provisions of Georgia law pertaining to the practice of medicine. Presumably, his former arrangement with Mr. Armstrong would violate the conditions of his probation.

The Government now seeks to temporarily and permanently enjoin the Board from imposing any sanction on Dr. Lewis and additionally seeks a declaratory judgment which would declare its rights regarding the assignment and licensing of NHSC personnel within the State of Georgia. The Government maintains that the action of the Board is in conflict with federal law and, therefore, under the Supremacy Clause, Article 6, Clause 2 of the United States Constitution, the Board should be enjoined from disciplining Dr. Lewis in any way for his supervision of Mr. Armstrong. The asserted superior federal interest is the "obligation of the United States of America through the National Health Service Corps, to provide health services to medically underserved areas without interference by the State of Georgia."

In its motion to dismiss, the defendants first assert that the federal relief

sought should be denied based on the Anti-Injunction Act, 28 U.S.C. § 2283. The Government correctly notes that this Act does not apply when the United States is the federal plaintiff. *Trainor v. Hernandez*, 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977); *Leiter Minerals, Inc. v. United States*, 352 U.S. 220, 77 S.Ct. 287, 1 L.Ed.2d 267 (1957); and *Henry v. First National Bank of Clarksdale*, 595 F.2d 291 (5th Cir. 1979). This does not mean, however, that an injunction is automatically granted simply on the application of the United States. *See United States v. Certified Industries, Inc.*, 361 F.2d 857 (2d Cir. 1966). The general, equitable rules of federalism and comity, on which the abstention doctrine found in *Younger* and its progeny is based and which the defendants assert as their second ground warranting dismissal, may still preclude federal relief.

In *Younger*, the Supreme Court in explaining the concept of federalism stated:

What the concept does represent is a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

401 U.S. at 44, 91 S.Ct. at 750. The *Younger* Court further noted, "[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." 401 U.S. at 45, 91 S.Ct. at 751; however, there are circumstances which, if present, do not warrant the exercise of abstention. In *Duke v. State of Texas*, 477 F.2d 244, 248 (5th Cir. 1973), the Fifth Circuit citing the *Younger* decision noted that in order to overcome the federalism and comity concepts intertwined in the abstention doctrine two express conditions must be shown before relief can be granted to a federal plaintiff: "First, the moving party must demonstrate that he will suffer irreparable injury if the federal court stays its hand, and second the moving party must demonstrate that he does not have an adequate remedy at law in the state courts." *See also Moore v. Sims*, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979).

▮ Here, the Government maintains that it will suffer irreparable injury if this court stays its hand, since a "ruling against Dr. Lewis in State Court will have the effect of severely impairing the efforts of the National Health Service Corps in the State of Georgia. It will, in effect, require Corps personnel to be licensed by the State of Georgia." While an adverse ruling in state court might irreparably harm the NHSC program, the Government is not irreparably harmed merely as a consequence of this court's staying its hand. The Government contends that the state court can only consider the interests of the parties to the action and because it is not a party to the state action (its motion to intervene having been denied) its interests will not be protected, since "Dr. Lewis' interest is limited to protecting his right to Practice Medicine [*sic*] in the State of Georgia."[1] The court disagrees. Dr. Lewis is represented by the same Justice Department attorneys who filed this federal action. Certainly, the constitutional defense of the Supremacy Clause which has been asserted in this action has also been raised in the state appeal. The Superior Court of Fulton County is a forum competent to vindicate the federal constitutional question before it. It is, therefore, difficult to perceive how the NHSC program will be irreparably harmed simply because the Supremacy Clause is raised as a defense in Dr. Lewis' behalf rather than on behalf of the Government. The state court must give consideration to it regardless of how it is raised. Hence, the court finds that its ab-

---

1. Federalism and comity may preclude federal relief even where the federal plaintiff is not a party to the state court proceedings when the interests of the party seeking the federal relief are closely related to those of the parties in the pending state proceedings and the federal action seeks to interfere with those state proceedings. *Stivers v. State of Minnesota*, 575 F.2d 200 (8th Cir. 1978), *cert. denied*, 439 U.S. 1127, 99 S.Ct. 1043, 59 L.Ed.2d 88 (1979).

stention will not preclude the adjudication of a federal right and, therefore, finds that by abstaining the Government will not be irreparably harmed; the federal interest will not be imperilled; judicial economy will have been served.

Clearly, though, since the United States is the federal plaintiff, its position is entitled to far greater weight than a private litigant's would be. Indeed, the Government argues that because it is the federal plaintiff and it seeks to enforce a "superior federal interest" (*viz.*, providing health services to medically underserved areas without interference by the State of Georgia), the United States District Court is the most appropriate forum and equitable considerations presented by the abstention doctrine are inapposite. There is strong language in support of that position in *First Federal Savings and Loan Ass'n of Boston v. Greenwald*, 591 F.2d 417 (1st Cir. 1979). Relying on the earlier decision of *United States v. State Tax Commission*, 481 F.2d 963 (1st Cir. 1973), which had found that the Tax Injunction Act should not bar the Government from access to its own courts of equity when it seeks to assert its own interests, the *Greenwald* court stated, "[A]bstention under general equitable principles [is] inappropriate where a federal agency is asserting 'superior federal interests.'" In that case the First Circuit found that detailed regulations governing the operations of every federal savings and loan association "from its cradle to its corporate grave" had been issued by the Federal Home Loan Bank Board thereby preempting the application of a state law (imposing greater than the federal interest requirements on escrow accounts) to a federally chartered lender.

█ In the case *sub judice* there is no preemption by the federal government and the interest of the state is among its most important: its power and duty to safeguard the public health. The state has a valid and substantial interest in assuring that its citizens are prescribed medications only by those licensed by the State of Georgia to do so. The federal interest in providing unhin-

dered health services to medically underserved areas is also important, but the court is unable to say that the Government has a superior federal interest. This is particularly so where, as here, the state's interest is so great that a violation of the state statutes in question can result in disciplinary action which is penal in nature. *See Geiger v. Jenkins*, 316 F.Supp. 370 (N.D.Ga. 1970). Thus, the court feels compelled under its equitable powers (and not persuaded to the contrary by the *Greenwald* decision) to abstain under the circumstances of this case: Dr. Lewis' appeal is pending in state court, the Supremacy Clause has been raised as a defense in his behalf, the state court is competent to vindicate the federal constitutional claim thereby eliminating any peril to the federal interest, and the state's substantial interest in safeguarding the health of its citizens is present. For the aforementioned reasons the court abstains from enjoining the state proceedings notwithstanding the United States' status as the federal plaintiff; consequently, the defendants' motion is hereby granted and the complaint is dismissed.