WOMENS SERVICES, P. C., a Nebraska professional corporation, and William G. Orr, M.D., Appellants,

Raymond L. Schulte, M.D.,

v.

Paul L. DOUGLAS, Attorney General for the State of Nebraska, and Donald L. Knowles, County Attorney for the County of Douglas, State of Nebraska, Appellees.

No. 81–1409.

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1981.

Decided July 15, 1981.

Rehearing Granted Aug. 25, 1981.

Robert Sigler, Douglas County Deputy Atty., Omaha, Neb., for appellants.

Jerold V. Fennell, Sp. Asst. Atty. Gen., Omaha, Neb., for appellees.

Before HEANEY, BRIGHT and McMILLIAN, Circuit Judges.

HEANEY, Circuit Judge.

Women Services, P.C., and Dr. William G. Orr appeal an order of the district court dismissing their complaint without prejudice. The district court abstained from ruling on the merits of plaintiffs' claims because of the pendency of a criminal prosecution in state court. We hold that abstention was not proper, and remand to the district court for further proceedings.

The plaintiffs filed suit in federal district court challenging the constitutionality of three sections of the Nebraska Criminal Code relating to abortion. The sections at issue, Neb.Rev.Stat. §§ 28–329, 28–330 and 28–331, regulate abortions performed after fetal "viability" has been reached.[1] The

---

1. Neb.Rev.Stat. §§ 28–329, 28–330 and 28–331 provide:

*28–329. Abortion; when not to be performed.* No abortion shall be performed after the time at which, in the sound medical

plaintiffs moved to enjoin enforcement of the statutes pending resolution of their constitutional claims by the district court. A hearing was held on December 12, 1980, to consider plaintiffs' motion for preliminary injunctive relief and defendant's motion to dismiss. On March 26, 1981, the court dismissed the action on the ground that abstention was proper.

The district court's abstention ruling was based on its view that a decision on plaintiffs' constitutional claims would "tend to interfere" with criminal proceedings then pending against Dr. C. J. LaBenz for alleged violations of sections 28–329 and 28–331. Dr. LaBenz is a salaried employee of Womens Services.

The plaintiffs moved for an expedited appeal to this Court and for an injunction prohibiting enforcement of the challenged statutes during the duration of the appeal. The case was argued shortly thereafter.[2]

For the reasons which follow, we conclude that the district court erred in applying the *Younger* abstention doctrine. The district court explained its decision to abstain thus:

> My decision to abstain was based primarily upon the pendency of the criminal prosecution against Dr. LaBenz. *The intertwining of the interests of the plaintiffs Orr and Womens Services, P.C. with those of Dr. LaBenz brings into operation the doctrine of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); Hicks v. Miranda, 422 U.S.C. [U.S.] 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975). Any decision that I would make*

> *as to any of the three statutory sections being challenged here would tend to interfere with the state criminal proceedings.* This is true as to § 28–330, as well as the others, because of the similarity of issues involved in the three sections. [Emphasis added.]

*Younger* proscribes a federal court from enjoining pending state criminal prosecutions except under extraordinary circumstances where the danger of irreparable loss is both great and immediate, such as where a threat to the plaintiff's federally protected rights cannot be eliminated by his defense against a single state criminal prosecution. *Younger v. Harris*, 401 U.S. 37, 43–54, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971). Moreover, the possible unconstitutionality of a statute on its face does not in itself justify an injunction against good faith attempts to enforce it absent a showing of bad faith, harassment or unusual circumstances. *Id.* at 54, 91 S.Ct. at 755.

*Younger* abstention analysis is complicated here because the federal plaintiffs (Womens Services, P.C. and G. William Orr, M.D.) are not parties in the state criminal proceeding against Dr. C. J. LaBenz. Since there is inexact identity of parties in the separate federal and state proceedings, the question is whether the interests of the federal plaintiffs and the state criminal defendant Dr. LaBenz, who is *not* a party to the federal action, are so intertwined that the *Younger* abstention is warranted. A crucial aspect of this case is that the federal plaintiffs did not seek to enjoin the Nebraska criminal proceeding against Dr. LaBenz.

judgment of the attending physician, the unborn child clearly appears to have reached viability, except when necessary to preserve the woman from an imminent peril that substantially endangers her life or health.

*28–330. Abortion procedure; protection of viable unborn child.* In any abortion performed pursuant to section 28–329, all reasonable precautions, in accord with the sound medical judgment of the attending physician and compatible with preserving the woman from an imminent peril that substantially endangers her life or health, shall be taken to insure the protection of the viable unborn child.

*28–331. Care and treatment of child aborted.* All reasonable steps, in accord with the sound medical judgment of the attending physician, shall be employed in the treatment of any child aborted alive with any chance of survival.

2. The expedited decision in this case has mooted the appellant's request for injunctive relief pending appeal. We note that preliminary injunctive relief enjoining the enforcement of Neb.Rev.Stat. §§ 28–329, 28–330 and 28–331 has been granted in a consolidated action presently before the district court—*Shulte v. Douglas*, CV 81–0–162 and *Dietrich v. Douglas*, CV 81–0–197.

Instead, the federal plaintiffs sought preliminary injunctive relief on their own behalf.

The "intertwined" interests concept originated in *Hicks v. Miranda,* 422 U.S. 332, 348–352, 95 S.Ct. 2281, 2291, 45 L.Ed.2d 223 (1975). There, the Supreme Court held that a federal district court should have abstained from considering a theater owner's (the appellees)[3] federal suit where state criminal proceedings were pending against two of the theater's employees. *Id.* at 348, 95 S.Ct. at 2291. As part of the state criminal prosecution against the two theater employees, four copies of a film owned by the theater owner-appellees were seized and held by state authorities. *Id.* The Court explained:

> Appellees had a substantial stake in the state proceedings, so much so that they sought federal relief, demanding that the state statute be declared void and their films be returned to them. Obviously, *their interests and those of their employees were intertwined*; and, as we have pointed out, the federal action sought to interfere with the pending state prosecution. *Absent a clear showing that appellees, whose lawyers also represented their employees, could not seek the return of their property in the state proceedings and see to it that their federal claims were presented there, the requirements of Younger v. Harris could not be avoided on the ground that no criminal prosecution was pending against appellees on the date the federal complaint was filed.* The rule in *Younger v. Harris* is designed to "permit state courts to try state cases

free from interference by federal courts," 401 U.S., at 43 [91 S.Ct., at 750], particularly where the party to the federal case may fully litigate his claim before the state court. *Plainly, "[t]he same comity considerations apply," Allee v. Medrano,* 416 U.S. 802, 831 [94 S.Ct. 2191, 2208, 40 L.Ed.2d 566] (1974) (Burger, C. J., concurring), *where the interference is sought by some, such as appellees, not parties to the state case.*

*Id.* at 348–349, 95 S.Ct. at 2291 (emphasis added).

Two factors are emphasized in this quotation: (1) the federal plaintiffs (theater owner-appellees) sought to interfere with the pending state criminal prosecution against the theater employees; and (2) the federal plaintiffs failed to show that they could *not* seek return of their property in the state proceedings and see to it that their federal claims were presented there.[4] Here, the federal plaintiffs did not seek to enjoin the state's criminal prosecution of Dr. LaBenz.

In another important abstention decision, the Supreme Court held that three corporations which operated taverns were *not* so clearly related that a pending state criminal prosecution against one (which was initiated one day *after* the federal complaint was filed) would warrant abstention as to the other two's federal claims. *Doran v. Salem Inn, Inc.,* 422 U.S. 922, 928–934, 95 S.Ct. 2561, 2566, 45 L.Ed.2d 648 (1975). The Court explained:

> We do not agree with the Court of Appeals, therefore, that all three plaintiffs should automatically be thrown into the same hopper for *Younger* purposes,

---

**3.** The "appellees" in *Hicks* were individual and corporate parties. *Hicks v. Miranda,* 422 U.S. 332, 335 n.2, 95 S.Ct. 2281, 2285 n.2, 45 L.Ed.2d 223 (1975). However, the theater owner's (Vincent Miranda's) interests were focused upon in the Court's analysis.

**4.** A more important factor in the Court's conclusion that abstention was proper in *Hicks* was the fact that the theater-owner-appellees were criminally charged along with their employees in state court *on the day following* service of the federal complaint. *Hicks v. Miranda, supra,* 422 U.S. at 349, 95 S.Ct. at 2291. The Court accordingly held that "where state

criminal proceedings are begun against the federal plaintiffs after the federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court, the principles of *Younger v. Harris* [401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)] should apply in full force." *Id.* A failure to abstain under those circumstances, stated the Court, would "trivialize" *Younger* principles. *Id.* at 350, 95 S.Ct. at 2292.

The Court also concluded that no exceptional circumstances were shown that would warrant application of one of the limited exceptions to *Younger. Id.* at 350–352, 95 S.Ct. at 2292.

and should thereby each be entitled to injunctive relief. We cannot accept that view, any more than we can accept petitioner's equally Procrustean view that because M & L would have been barred from injunctive relief had it been the sole plaintiff, Salem and Tim-Rob should likewise be barred not only from injunctive relief but from declaratory relief as well. *While there plainly may be some circumstances in which legally distinct parties are so closely related that they should all be subject to the Younger considerations which govern any one of them, this is not such a case—while respondents are represented by common counsel, and have similar business activities and problems, they are apparently unrelated in terms of ownership, control, and management. We thus think that each of the respondents should be placed in the position required by our cases as if that respondent stood alone.*

*Id.* at 928–929, 95 S.Ct. at 2566 (emphasis added).

The Court also concluded that the two corporations which were not state criminal defendants could have, under *Steffel v. Thompson,* 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974), obtained a declaratory judgment upon an ordinary showing of entitlement to that relief and that under the facts presented, the district court's issuance of a preliminary injunction prohibiting future state criminal prosecution against the two corporations which were not defendants in pending state criminal prosecutions was not an abuse of discretion. *Supra,* 422 U.S. at 930–934, 95 S.Ct. at 2567. Referring to the district court's issuance of a preliminary injunction, the Court stated that in the absence of an ongoing state criminal proceeding, a plaintiff may challenge the constitutionality of a state statute in federal court, assuming that the plaintiff can satisfy the requirements for federal jurisdiction. *Id.* at 930, 95 S.Ct. at 2567. After noting that although the practical effect of declaratory and injunctive relief will be virtually identical, the Court stated:

At the conclusion of a successful federal challenge to a state statute or local

ordinance, a district court can generally protect the interests of a federal plaintiff by entering a declaratory judgment, and therefore, the stronger injunctive medicine will be unnecessary. But prior to final judgment there is no established declaratory remedy comparable to a preliminary injunction; unless preliminary relief is available upon a proper showing, plaintiffs in some situations may suffer unnecessary and substantial irreparable harm. *Moreover, neither declaratory nor injunctive relief can directly interfere with enforcement of contested statutes or ordinances except with respect to the particular federal plaintiffs, and the State is free to prosecute others who may violate the statute.*

*Id.* at 931, 95 S.Ct. at 2567 (emphasis added).

█ It is clear, therefore, that a federal plaintiff's constitutional attack on a state statute which initially warranted the issuance of declaratory or preliminary injunctive relief by the district court would benefit *only* that federal plaintiff: "the State is free to prosecute others who may violate the statute." 422 U.S. at 931, 95 S.Ct. at 2567.

This Court has recognized that the comity considerations of *Younger* may, in some circumstances, apply to parties seeking relief in federal court, even though no state proceedings are pending against them by name. *Stivers v. Minnesota,* 575 F.2d 200, 203 (8th Cir. 1978), *cert. denied,* 439 U.S. 1127, 99 S.Ct. 1043, 59 L.Ed.2d 88 (1979). "Such a case may arise where the interests of the parties seeking relief in federal court are closely related to those of parties in pending state proceedings and where the federal action seeks to interfere with pending state proceedings." *Id.* (citing *Hicks v. Miranda, supra* ). *Stivers* held that abstention was proper there because: (1) the federal plaintiff-appellants "made no attempt to distinguish their interests from those of their federal co-plaintiffs who were state court parties; and (2) the interests of the nonstate-court-party-federal plaintiffs and

the state court parties (who were also federal plaintiffs) were "closely intertwined." *Id.*[5]

■ We conclude that the federal plaintiffs' request for preliminary injunctive relief was proper under *Doran v. Salem Inn,* supra, 422 U.S. at 930–931, 95 S.Ct. at 2567. In addition, *Doran* flatly forecloses the state's contention that a grant of preliminary injunctive relief by the district court would, as a practical matter, preclude prosecution of Dr. LaBenz. "[N]either declaratory nor injunctive relief can directly interfere with enforcement of contested statutes or ordinances except with respect to the particular federal plaintiffs, and the State is free to prosecute others who may violate the statute." *Doran v. Salem Inn, supra,* 422 U.S. at 931, 95 S.Ct. at 2567. If the federal plaintiffs (Womens Services, P.C. and Dr. Orr) obtain preliminary injunctive relief from the district court on remand, the protection afforded will apply only to the federal plaintiffs and Nebraska would be free to continue its prosecution of Dr. LaBenz; there would be no direct interference in ongoing state proceedings. Thus, the district court's conclusion that reaching the merits would "tend to interfere with the state criminal proceedings" misses the mark because it ignores the teachings of *Doran.*

The district court also concluded that the interests of the federal plaintiffs and those of Dr. LaBenz were so intertwined that the *Younger* abstention was warranted. In our view, this conclusion was erroneous. Dr. LaBenz, the state court criminal defendant, has been charged with violating Neb.Rev. Stat. §§ 28–329 and 28–331 as a result of a specific abortion. In contrast, the federal plaintiffs are not under criminal indictment and challenge the validity of three separate Nebraska abortion statutes, Neb.Rev.Stat. §§ 28–329, 28–330 and 28–331. Therefore, all of the federal plaintiffs' constitutional

claims could not be raised by Dr. LaBenz as part of his criminal defense because he presumably lacks standing to challenge section 28–330. Moreover, the federal plaintiffs stand in different legal positions than Dr. LaBenz. Womens Services, P.C., employs Dr. LaBenz but has corporate interests which presumably extend beyond the interests of Dr. LaBenz as an individual. Dr. Orr is a shareholder of Womens Services, P.C., and sits on its board of directors.

The district court's judgment is reversed and the case is remanded for prompt further proceedings consistent with this opinion.

---

**5.** Analyzing the *Younger* abstention principles when some or all of the federal plaintiffs are not parties in the pending state proceeding has proven troublesome in a variety of contexts. *See, e. g., New Jersey-Philadelphia Presbytery of the Bible Presbyterian Church v. New Jersey State Board of Higher Education,* 654 F.2d 868 (3d Cir. 1981) (*Younger* abstention held not applicable to bar the federal plaintiffs' applica-

tion for preliminary injunctive relief against enforcement of certain New Jersey statutes and regulations dealing with the licensing of private institutions of higher education); *Bickham v. Lashof,* 620 F.2d 1238 (7th Cir. 1980) (*Younger* abstention held not applicable to bar the federal plaintiff's challenge of the Illinois Ambulatory Surgical Treatment Center Act).