## JOSEPH F. COWERN AND ANOTHER v. FREDERICK E. NELSON.[1]

January 5, 1940.

No. 32,273.

[1]Reported in 290 N. W. 795.

*Briggs & Briggs, (Oppenhcimer, Dickson, Hodgson, Brown & Donnelly, Herbert T. Park, Streissguth & Gislason,* and *MacChesney, Becker & Wells,* of counsel), for appellant.

*Stephen Schmitt,* for respondents.

*Thomas Tallakson, Stanley B. Houck,* and *E. J. Loring, amici curiae,* filed a brief on behalf of the Court Commission on Unauthorized Practice of Law, Fourth Judicial District.

A brief *amici curiae* was filed by the following: *Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* attorneys for St. Paul Real Estate Board and Duluth Board of Realtors; *Herbert T. Park,* attorney for Minneapolis Real Estate Board; *Streissguth & Gislason,* attorneys for Minnesota State Realty Association; and *MacChesney, Becker & Wells,* attorneys for National Association of Real Estate Boards.

LORING, JUSTICE.

This is an appeal from a judgment restraining the defendant from performing certain acts for others held by the trial court to be the unauthorized practice of law and particularly from preparing, drawing, or selecting for others purchase money contracts, contracts for deeds, leases, notes, mortgages, chattel mortgages, bills of sale, deeds, assignments, satisfactions, and any other instruments of conveyance or legal documents either for or without the payment of a fee and from advising others as to the instruments to be used or the legality and legal effect of such instruments, or as to their rights thereunder. Excepted from the injunction was the preparation of instruments concerning property which the defendant owned or in which he was acquiring an interest.

The plaintiffs in the action were respectively the chairman of the Committee on Practice of Law of the Minnesota State Bar Association and the Secretary of the Committee on the Practice of Law of the Ramsey County Bar Association. They brought the action for themselves, the members of the State and Ramsey County Bar Associations, and all other attorneys at law, the public and courts of the state of Minnesota. It was alleged in the complaint that the defendant is not a lawyer and that he now is and for many years has been engaged in the real estate business in the city of St. Paul; that notwithstanding his not being admitted to the bar the defendant has for many years prepared and drawn, and will in the future unless restrained regularly and customarily prepare and draw, sometimes for a fee and at other times without a fee, contracts and other instruments such as those described in the injunction; that the defendant in the preparation of such instruments was and is at times acting as broker or agent for one or both of the parties to a sale, trade, or lease of property, or to a loan, while at other times he prepares and draws such instruments while acting for others in matters unrelated to his real estate business. It is further alleged that the instruments mentioned were those commonly used by the legal profession in connection with various transactions, including the transfer or encumbering of real and personal property. It was alleged that he did not do these acts as a copyist, scrivener, or clerk at the direction of an attorney at law, but that he personally selected the form of instrument, determined its suitability and adaptability to the requirements of the transaction, and advised the interested parties as to the legality and legal effect of the instrument or instruments drawn and of their rights thereunder, and when and where the same should be filed and the legal effect of such filing.

In his answer the defendant admitted all these allegations and alleged that they were authorized by L. 1931, c. 114, § 1(c), which appears as § 5687-1(c) in 3 Mason Minn. St. 1938 Supp. In their reply the plaintiffs alleged that the acts complained of constituted the practice of the law and that c. 114 to the extent that it

authorized such acts was unconstitutional and void. Thereupon both plaintiffs and defendant moved for judgment on the pleadings. The trial court made findings of fact, conclusions of law, and order for judgment in favor of plaintiffs. Judgment was entered and this appeal taken.

The appellant raises two questions. First, do the acts complained of constitute the practice of law? Second, as a matter of comity and courtesy and public policy will the court recognize certain business practices which might be properly a part of a lawyer's work as practice of law and refuse to enjoin them? As far as the practice of drawing instruments for persons not involved with the defendant as customers or principals in real estate transactions the defendant accepts the judgment of the court. He further concedes that a fee may not be charged for such services even where he is acting as a broker for the parties or agent for one of them.

L. 1931, c. 114, is an act relating to the unauthorized practice of law, etc. and in general forbids a person not admitted to the bar to appear as an attorney in any proceedings in court, except in his own behalf as a party thereto, or to hold himself out by advertisement or otherwise as competent to give legal advice or to prepare legal documents or to perform legal services or to give advice, or for or without a fee to prepare a will or instrument of trust, or for a fee or any consideration to prepare for another person, firm, or corporation any legal document except as provided in subd. (c). In what was obviously intended to be subd. (c) of § 1, the act provides that it does not prohibit various acts, among which and pertinent to the case before us is the provision:

"* * * and shall not prohibit anyone, acting as broker for the parties or agent of one of the parties to a sale or trade or lease of property or to a loan, from drawing or assisting in drawing, with or without charge therefor, such papers as may be incident to such sale, trade, lease, or loan."

The appellant does not contend that the legislative branch of the government could authorize laymen to practice law. He accepts without reservations the holding of this court in Fitchette v. Taylor, 191 Minn. 582, 254 N. W. 910, 94 A. L. R. 356, and concedes that the regulation of the practice of law is peculiarly within the control of the judicial branch of the government whether that regulation be of those admitted to the bar or for the purpose of protection to the public against unauthorized attempts to practice law by laymen. His contention here is that as a matter of comity rather than as acknowledgment of power the judicial branch should defer to the legislative regulation as a declaration of public policy in harmony with the expression of courts in general, and as a legislative effort to coöperate with and implement the efforts of the courts in the enforcement of that policy.

The respondents place great reliance upon the case of In re Gore, tried in the court of common pleas, Franklin county, Ohio, 1936, and later appealed to the court of appeals of Ohio, where the decision of the lower court was affirmed. 58 Ohio App. 79, 15 N. E. (2d) 968. In that case the trial court, in restraining a broker from drafting the papers incident to transactions in which he was involved as such, elaborated with much force the arguments that can be made in favor of restraining brokers from performing such services. Other cases are cited by respondents which show that drafting of such instruments is the practice of law. These cases and others cited by respondents hold that the drafting of instruments of the character used by brokers in closing of real estate transactions is such as to bring them within the ordinary concept of practicing of law. Cases to the contrary are cited by appellant. Many other cases are cited by *amici curiae,* but in our opinion decision may not be based in matters of this kind solely upon the character of the instruments involved and whether or not a broker drafting such instruments is either technically or practically a party to the transaction. The line between what is and what is not the practice of law cannot be drawn with precision. Lawyers should be the first to recognize

that between the two there is a region wherein much of what lawyers do every day in their practice may also be done by others without wrongful invasion of the lawyers' field. We think that ordinary conveyancing, part of the everyday business of the realtor, is within that region and consequently something of which the legal profession cannot under present circumstances claim that the public welfare requires restraint by judicial decree. It is the duty of this court so to regulate the practice of law and to restrain such practice by laymen in a common-sense way in order to protect primarily the interest of the public and not to hamper and burden such interest with impractical technical restraints no matter how well supported such restraint may be from the standpoint of pure logic. Viewing the problem before us in that light, we do not think it would be in the interest of the public welfare to restrain brokers from drafting the ordinary instruments necessary to effectuate the closing of the ordinary real estate transaction in which they are acting. We do not think the possible harm which might come to the public from the rare instances of defective conveyances in such transactions is sufficient to outweigh the great public inconvenience which would follow if it were necessary to call in a lawyer to draft these simple instruments.

By comity we accept the legislative declaration of policy relating to brokers contained in L. 1931, c. 114, and remand the case to the trial court with instructions to eliminate from the injunction any restraint on the defendant, when acting as a broker for the parties, or as agent for one of them, to a sale or trade or lease of property or to a loan, from drawing or assisting in drawing without charge therefor such papers as may be incident to such transaction. We do not accept the legislature's declaration that in such matters he may charge for such services. Except only as so modified, the injunction may stand.

Modified.