463 P.2d 67

**Juan R. FLOREZ, Appellant,**

v.

**CITY OF GLENDALE, a municipal corporation; City of Glendale Personnel Board; and Bill Hughes, secretary of the City of Glendale Personnel Board, Appellees.**

**No. 9672.**

Supreme Court of Arizona.

In Banc.

Dec. 30, 1969.

Finn & Meadow, by R. Y. Thrasher, Phoenix, for appellant.

Biaett & Bahde, Phoenix, for appellees.

HAYS, Justice.

The appellant, plaintiff below, Juan Florez, filed an action for declaratory judgment in the Superior Court against the City of Glendale, Arizona, the City of Glendale Personnel Board and the Board Secretary, Bill Hughes. The Superior Court dismissed the complaint for failure to state a cause of action and this appeal was brought.

On May 15, 1967, Florez appeared before the Glendale Personnel Board for a hearing in reference to his discharge from city employment. At the time set for hearing, appellant requested that a representative of his labor union be allowed to appear for him before the Board in this matter. The request was denied on the ground that the union representative was not an attorney at law. The hearing proceeded with appellant appearing personally and without additional representation. The recommendation of the Personnel Board was that the city's dismissal of Florez be upheld.

In resisting the appeal, as well as in the court below, the appellees have rather obliquely raised procedural questions with regard to the relief sought by the appellant. We prefer, however, to decide this case on the same grounds as that used by the trial court: Can the Glendale Personnel Board legally refuse to permit persons other than attorneys to represent those appearing before the board?

This Court, in State Bar of Arizona v. Arizona Land Title and Trust Co., 90 Ariz. 76, 366 P.2d 1 (1961), indicated that the practice of law in Arizona is confined to those who have been duly licensed as attorneys. Justice Lockwood in that decision in setting out acts constituting the practice of law said:

"* * *; the preparation for another of matters for courts, administrative agencies and other judicial or quasi-judicial bodies and officials as well as the acts of representation of another before such a body or officer." 90 Ariz. 76, 366 P.2d 1.

We therefore hold that the representation of another before the Glendale Personnel Board, by one not licensed as an attorney constitutes an unauthorized practice of law. The action of the trial court in dismissing appellant's complaint is affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and McFARLAND, JJ., concur.