619 P.2d 1036

**Patricia HUNT, Petitioner,**

v.

**MARICOPA COUNTY EMPLOYEES MERIT SYSTEM COMMISSION; Harold Merkow, Hearing Officer; and Wilson D. Palmer, Clerk of the Maricopa County Superior Court, Respondents.**

**No. 14573.**

Supreme Court of Arizona,
In Banc.

Nov. 3, 1980.

Rehearing Denied Dec. 2, 1980.

McKendree & Lubin by Stanley Lubin, John F. Sass, Phoenix, for petitioner.

Charles F. Hyder, Maricopa County Atty. by Sandy Shuch, Deputy County Atty., Phoenix, for respondents.

Stevens & Leibow by Charles T. Stevens, Phoenix, for Arizona State Bar in support of respondents.

Donald D. Meyers, Robert J. Pohlman, Phoenix, for Arizona Uniservice, Inc., in support of petitioner.

Deedra Sparling, Phoenix, for Community Legal Services in support of petitioner.

Stephen D. Neely, Pima County Atty. by Rita Vatter, Tucson, in support of respondents.

HOLOHAN, Vice Chief Justice.

Petitioner, Patricia Hunt, by this special action seeks to require respondents to allow her, pursuant to A.R.S. § 32–261 D, to be represented by a non–attorney in her appeal hearing before the respondent Maricopa County Employees Merit System Commission.

The issue presented is whether the provisions of A.R.S. § 32–261 D constitute an

unconstitutional violation of the separation of powers provision of Article III of the Arizona Constitution.

The essential facts are that the petitioner is employed as a legal clerk in the office of the Clerk of the Maricopa County Superior Court. The respondent Clerk notified petitioner that he was taking disciplinary action against her for insubordinate conduct. The respondent Clerk imposed a four–day suspension from work, extension of the probationary period for ninety days, and a period of counseling after her return to work.

A timely appeal from the action taken by her employer was made to the respondent Commission.

There are three merit systems operating within the Maricopa County Government. One of the systems, which includes the Superior Court Clerk's Office, is the Maricopa County Judicial Merit System which was created by a resolution adopted by the Judges of the Superior Court for Maricopa County on June 4, 1975. The Maricopa County Board of Supervisors, on August 6, 1975, accepted the resolution of the Judges and agreed to administer the system as part of the Maricopa County Employees Merit System Commission and the Maricopa County Personnel Department.

Pursuant to the resolution of the Judges and the agreement by the Board of Supervisors, appeals from disciplinary actions by employees within the judiciary would be heard by the Maricopa County Employee Merit System Commission.

The appeal by petitioner from the disciplinary action of the Clerk was accepted by the Commission, and the appeal was assigned for hearing to a hearing officer designated by the Commission. Prior to the hearing date, petitioner advised the Commission that pursuant to A.R.S. § 32–261 D, she wanted to be represented at the hearing by Mr. Tom Donnelly, a person not a lawyer but a representative of the American Federation of State, County and Municipal Employees (petitioner's union). Mr. Donnelly was not charging any fee for his representation of petitioner.

The hearing officer, respondent Harold Merkow, refused to allow Mr. Donnelly to represent petitioner at the hearing because the hearing officer concluded that such representation by a non–lawyer would constitute the unauthorized practice of law. The position of the hearing officer was adopted by the Commission at one of its regular meetings. The hearing was continued by stipulation of the parties to allow petitioner to file her petition for special action.

Petitioner bases her claim of right to be represented by a non–lawyer on the provisions of A.R.S. § 32–261 D. The material parts of the statute provide:

"§ 32–261. Practice of law by active members only; violation; classification; exception

A. Except as provided in subsections C and D, no person shall practice law in this state unless he is an active member of the state bar in good standing as defined in this chapter.

.        .        .        .        .

D. An employee may represent himself or designate a representative, not necessarily an attorney, before any board hearing or any quasi–judicial hearing dealing with personnel matters, providing that no fee may be charged for any services rendered in connection with such hearing by any such designated representative not an attorney admitted to practice."

We limit our consideration to subsection D of the statute. We are not called upon to decide the constitutionality of subsection C which purports to permit corporate officers to represent their corporations in justice and police courts. A similar statute has been declared unconstitutional by the California Supreme Court. *Merco Construction Engineers, Inc. v. Municipal Court, Etc.*, 21 Cal.3d 724, 147 Cal.Rptr. 631, 581 P.2d 636 (1978).

At the outset, we have no hesitancy in stating that the practice of law is a matter exclusively within the authority of the Judiciary. The determination of who shall ·practice law in Arizona and under

what condition is a function placed by the state constitution in this court. *See In re Miller*, 29 Ariz. 582, 244 P. 376 (1926); *In re Bailey*, 30 Ariz. 407, 248 P. 29 (1926); *State Bar of Arizona v. Arizona Land Title & Trust Co.*, 90 Ariz. 76, 366 P.2d 1 (1961). This principle is by no means limited to this jurisdiction. In fact, the great weight of authority is in accord with the proposition that the ultimate authority for defining, regulating and controlling the practice of law is vested in the Judiciary. *See Merco Construction Engineers, Inc. v. Municipal Court, Etc., supra; Petition of Tennessee Bar Association*, 532 S.W.2d 224 (Tenn. 1975); *In re Senate Bill No. 630*, 164 Mont. 366, 523 P.2d 484 (1974); *Land Title Co. of Alabama v. State ex rel. Porter*, 292 Ala. 691, 299 So.2d 289 (1974); *McKenzie v. Burris*, 255 Ark. 330, 500 S.W.2d 357 (1973); *Feldman v. State Board of Law Examiners*, 438 F.2d 699 (8th Cir. 1971); *West Virginia State Bar v. Earley*, 144 W.Va. 504, 109 S.E.2d 420 (1959); *Hoffmeister v. Tod*, 349 S.W.2d 5 (Mo.1961).

We note that petitioner concedes that practice before an administrative agency is the practice of law, for as we said in *State Bar of Arizona v. Arizona Land Title & Trust Co., supra*, the practice of law includes:

> [T]he preparation for another of matters for courts, administrative agencies and other judicial or quasi–judicial bodies and officials as well as the acts of representation of another before such a body or officer." 90 Ariz. at 95, 366 P.2d 1.

This position was reaffirmed in *Florez v. City of Glendale*, 105 Ariz. 269, 463 P.2d 67 (1969).

Petitioner argues that this court should uphold and enforce the lay representation allowed by A.R.S. § 32–261 D because this court has in the past held that it would accept legislatively enacted rules of procedure which are designed to supplement new substantive rights. *State ex rel. Purcell v. Superior Court*, 107 Ariz. 224, 485 P.2d 549 (1971); *State v. Blazak*, 105 Ariz. 216, 462 P.2d 84 (1969); *Matter of Maricopa County, Juvenile Action No. JS–834*, 26 Ariz.App. 485, 549 P.2d 580 (1976).

It is petitioner's contention that the establishment of a merit system for county employees created substantive rights which were not in existence before the statute. A.R.S. § 32–261 D was passed by the Legislature subsequent to the enactment of the merit system, but petitioner maintains that the statute was to aid employees in protecting their rights under the merit system. In addition, petitioner argues that under A.R.S. § 12–111 all statutes relating to pleading, practice and procedure become rules of court, effective until modified or suspended by rules promulgated by this court.

In *State v. Blazak, supra*, this court condemned the practice of procedural legislation because of its potential for infringing on the constitutional authority granted to the Judiciary; nevertheless the court accepted the statutory rules at issue in *Blazak* as rules of court. In effect, petitioner asks that we follow the same course in the case at issue.

We do not accept the argument of petitioner that the statute in question is merely a procedural rule to supplement the substantive right created by A.R.S. § 11–351 et seq., the County Employee Merit System. The provisions of A.R.S. § 32–261 D are not limited to the county merit system. The provisions of the section apply broadly to "any board hearing or any quasi–judicial hearing dealing with personnel matters."

Petitioner argues that even if the statute may be said to allow laymen to practice law, we should nevertheless accept the legislative enactment in question and authorize persons not admitted to the practice of law to represent individuals in personnel matters.

In support of her position, the petitioner points out that the law has always recognized that a person, no matter how inept, may represent himself in any legal proceedings including a criminal trial for a serious offense. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The economics of the situation often give a

person no choice but self–representation. As petitioner notes, the amount of financial loss which petitioner will suffer under the employer's disciplinary action is a sum less than $100.00. The employment of an attorney to investigate, try, and argue the matter would far exceed petitioner's loss. This economic fact of life leaves petitioner no alternative but self–representation which she concedes would be unskilled representation indeed.

Petitioner points out that her union representative is skilled in this special field of employer–employee relations. She argues that it is illogical to support the concept that an individual has the right to represent herself, no matter how incompetently, but she may not receive aid from another, more competent than she, but not a licensed professional. *See* Weckstein, *Limitations on the Right to Counsel: The Unauthorized Practice of Law*, 1978 Utah L.Rev. 649. Petitioner urges that it is essential to justice and fairness that there be a relaxation of a rule which would deny her totally non–lawyer representation.

Respondents point out that competency in a limited and specialized field is not the sole test to be used by this court. This court's role is to safeguard the public from harm associated with unqualified representation. Competency of representation is important. An attorney must pass an examination before he may represent members of the public. There is no test provided to test the competency of lay representation. In addition, representation by an attorney also involves the protections provided by enforcement of ethical standards established for the benefit of the client, enforced by a disciplinary system under the control of the courts. The client also has the benefit of a statutory privilege which protects the communications between attorney and client. The ethical standards, discipline, training, and controls placed on lawyers is lacking in the case of representation by a layman. It is this concern to safeguard the public, not to aid the legal profession, which must guide the court.

Petitioner answers respondents by pointing out that all the protections provided by a regulated profession are meaningless if a person can't afford such representation. She contends that it would benefit her and other members of the public if they could have some help even if it didn't have all the safeguards associated with representation by a licensed attorney.

The problem presented is a difficult one involving the balancing of social objectives. This court wishes to carry out the responsibility placed by the state constitution on us to regulate the practice of law for the protection of the public. We are also concerned that individuals have competent representation available to defend their interest. The Minnesota Supreme Court in *Cowern v. Nelson*, 207 Minn. 642, 290 N.W. 795, presented the issue in these words:

"It is the duty of this court so to regulate the practice of law and to restrain such practice by laymen in a common sense way in order to protect primarily the interest of the public and not to hamper and burden such interest with impractical technical restraints no matter how well supported such restraint may be from the standpoint of pure logic."

Under the theory of comity, the Minnesota Supreme Court, in *Cowern*, upheld the provisions of a statute permitting brokers to draw documents incidental to real estate transactions in which they acted as agents. The Minnesota court made one change in the statute–the brokers could not charge for the document preparation.

In two other instances, courts from other states have upheld statutory provisions which allowed non–lawyers to perform selected activities that constituted the practice of law. *State v. Dinger*, 14 Wis.2d 193, 109 N.W.2d 685 (1961); *Denver Bar Association v. Public Utilities Commission*, 154 Colo. 273, 391 P.2d 467 (1964). For a number of years the Judiciary of California has allowed lay representation of claimants in Workmen's Compensation Hearings. *See Eagle Indemnity Co. v. Industrial Accident Commission*, 217 Cal. 244, 18 P.2d 341 (1933); *Bland v. Reed*, 261 Cal.App.2d 445,

**264**

67 Cal.Rptr. 859 (1968). In the cited cases the central theme has been the effort to achieve a balance between public need and public protection.

 After weighing and considering the various arguments presented by the parties and amici curiae, we have determined that it is in the public interest for us to adopt in part the legislative provision at issue and to allow lay representation of employees in administrative hearings dealing with personnel matters under the following conditions: 1) the lay representation must be provided without fee; 2) the subject matter of the hearing must have a value or represent an amount insufficient to warrant the employment of an attorney, but in no event shall lay representation be permitted if the value or amount involved exceeds $1,000.00. This grant of permission for limited lay representation will be withdrawn should the results of experience with such representation prove to be against the public interest. It must also be noted that this grant of permission for lay representation does not affect the provisions of A.R.S. § 12–2234 which makes communications between *attorney* and client privileged. The lay representative is not an attorney within the means of A.R.S. § 12–2234, so there is no statutory privilege to protect the confidentiality of communications between an employee and his lay representative.

The respondents are directed to allow the petitioner to be represented by a non–lawyer in the pending personnel hearing.

STRUCKMEYER, C. J., and HAYS and GORDON, JJ., concur.

CAMERON, Justice, dissenting.

I dissent from that portion of the opinion and decision which would admit non–lawyers to the limited practice of the law before the Maricopa County Employees Merit System Commission.

It is, of course, tempting to rule that when the amount in controversy is not sufficient to make retention of an attorney financially feasible, then anybody may represent a person no matter how unqualified the "volunteer attorney" may be, as long as

no fee is involved. I am concerned that persons not admitted to the bar nor bound by the same code of conduct as members of the bar and not subject to the discipline of this court are now, by this decision, permitted to practice law even on a limited basis. *Hackin v. State*, 102 Ariz. 218, 427 P.2d 910, appeal dismissed 389 U.S. 143, 88 S.Ct. 325, 19 L.Ed.2d 347 (1967), reh. den. 389 U.S. 1060, 88 S.Ct. 766, 19 L.Ed.2d 866 (1968).

I do not imply that Mr. Tom Donnelly, the union representative in this case, is in any way ethically or morally deficient. It is noted, however, that Mr. Donnelly, the person petitioner wished to represent her, is a representative of the American Federation of State, County and Municipal Employees Union. If this union wishes to assist its members in these matters before the Commission, and it is commendable that they wish to do so, it seems to me they could, without too much additional expense, employ an attorney for that purpose. The result of the decision of this court is not so much to provide individuals with the assistance of a non–lawyer to represent them before the Commission, but to allow their union to dispense with employing an attorney for its members and instead provide a non–attorney for legal representation. The opportunity for mischief in such a scheme far outweighs any benefits that may result.