624 P.2d 1286

**In the Matter of an ANONYMOUS MEMBER OF the STATE BAR OF ARIZONA, Petitioner.**

**No. SB–219.**

Supreme Court of Arizona, In Banc.

Feb. 24, 1981.

Daughton, Feinstein & Wilson by Allen L. Feinstein, Jeffrey S. Leonard, Phoenix, for petitioner.

Levy, Mason, Spector & Sherwood, P. A., by Mark R. Santana, Bar Counsel, Phoenix, for respondent.

HOLOHAN, Vice Chief Justice.

The petitioner challenges certain actions of the Disciplinary Board in a pending disciplinary proceeding. Under the privacy requirements of Rule 32(d), Rules of the Supreme Court, the name of petitioner is not disclosed.

■ Since this matter involves the regulation of the practice of law, this court has the ultimate authority over the subject matter. *See Hunt v. Maricopa County Employees Merit System Commission,* 127 Ariz. 259, 619 P.2d 1036 (1980). We accepted jurisdiction to resolve the question presented.

The essential facts are that on February 18, 1976, a complaint of professional misconduct against eight members of the State Bar, including petitioner, was made to the Board of Governors of the State Bar. The complaint was referred for investigation to Local Administrative Committee 5N, under docket number 76–3–5N.

The Administrative Committee after preliminary investigation concluded that there was no probable cause to believe that the petitioner and others had been guilty of misconduct. The Administrative Committee determined that a formal complaint should not be instituted, and the Committee entered an order dismissing the complaint against petitioner and the others named in the complaint.

The report of the Administrative Committee was forwarded to the Disciplinary Board. One member of the Disciplinary Board recommended that the complaint be referred to another local administrative committee and that a formal complaint be issued against petitioner and two other lawyers.

The matter was referred to Local Administrative Committee 5G, and that committee ultimately instituted a formal complaint against petitioner alleging a violation of the disciplinary rules. Petitioner presented to the administrative committee a motion to dismiss the formal complaint. The motion was denied. Petitioner appealed to the Disciplinary Board and moved that the Board dismiss the complaint. On November 21,

1980, the Board granted the motion to dismiss "for procedural reasons," but the Board remanded the matter to Local Administrative Committee 5G for further proceedings including determination of probable cause.

Petitioner sought relief in this court. The question presented is whether the Disciplinary Board may review a finding of no probable cause by an administrative committee.

The answer to the question is found in the provisions of Rule 33(b)(2), Rules of the Supreme Court, which provides in part:

"2. When a complaint is referred to a committee the committee shall conduct such preliminary investigation as will enable it to determine whether there is probable cause to believe that the member in question is or may be guilty of misconduct justifying disciplinary action. If, after such preliminary investigation, the committee is of the opinion that no such probable cause exists, it shall so report to the board in writing. *The board shall advise the complainant, if any, in writing of the action taken by the committee.* If, after such preliminary investigation, the committee is of the opinion that such probable cause does exist, it shall conduct such additional investigation as it deems necessary to enable it to institute a formal complaint against the member in question and shall designate one or more active members, other than one of their number, to act as bar counsel in the investigation and presentation of evidence in the matter under consideration." (emphasis supplied).

■ Under Rule 33(b)(2) the Board, upon a finding of no probable cause by an administrative committee, must advise the complainant, if any, in writing of the action taken by the committee. The rule does not empower the Disciplinary Board to do anything further after the committee's no probable cause finding.

The State Bar suggests that Rule 38(a), Rules of the Supreme Court, supports the action taken in this case. The pertinent part of Rule 38(a) provides:

"1. The determination by a committee before a disciplinary hearing that no probable cause exists shall not be a bar to further action based upon the same facts."

The State Bar argues that, since the "no probable cause finding" is not a bar to further proceedings, the Disciplinary Board must be intended to have the power of review of such a finding much the same as is provided in Rule 35(c)(2), Rules of the Supreme Court.

■ Contrary to the position of the State Bar, there is nothing in the rules which authorize the Disciplinary Board to review a finding of no probable cause by an administrative committee. The review authority of the Board provided in 35(c)(2) applies to cases in which a formal complaint has been filed and heard by an administrative committee. No similar power of review is provided to the Board before a formal complaint has been authorized and instituted by an Administrative Committee.

Under Rule 33(b)(2), the Disciplinary Board was required to accept the finding of no probable cause made by Local Administrative Committee 5N. The Board was without authority to refer the matter to a new Administrative Committee. The actions of the Board and Local Administrative Committee 5G are a nullity because they acted without authority in instituting a complaint and in attempting to proceed on it.

■ We note in passing that we fail to find authority in the rules for the practice of having a single member act for the Board. The practice may be efficient in light of the volume of work facing the Board, but the rules do not authorize the practice.

■ A finding of no probable cause is not a bar to further action against the respondent at some future date. The complainant may file another complaint.

The formal complaint instituted by Local Administrative Committee 5G is dismissed without prejudice.

STRUCKMEYER, C. J., and HAYS, CAMERON and GORDON, JJ., concur.