## Harmony
## v.
## Bureau of Emp. Serv.
[Cite as 2 AOA 261]

Case No. 89-CA-28
Delaware County, (5th)
Decided March 28, 1990

R.C. 4141.29

For Appellant: Anthony J. Celebrezze, Jr., Attorney General, Sonya M. Jones, Ass't Attorney General, 145 south Front Street, Columbus, Ohio 43215.

For Appellees: Phillip Cameron, 6649 North High Street, Worthington, Ohio 43085.

SMART, J.

This is an appeal from a judgment of the Court of Common Pleas of Delaware County, Ohio, that affirmed a decision of the Unemployment Compensation Board of Review (Board) denying plaintiff-appellant Betty Harmony (appellant) unemployment benefits because it found that she had quit her employment without just cause.

The record indicates that appellant was employed by Peakload Personnel Service, Inc. (Peakload), in an employee leasing arrangement with Shell Oil Co. Peakload assigned appellant to work in a Shell Service Station with a Shell employee as her manager. Appellant's son, a Peakload employee, was assistant manager. Appellant testified that she was frequently sent home early, rather than receiving the number of hours for which she had been scheduled. It is undisputed that the Shell employee who acted as her manager subjected her to verbal abuse in front of customers and actions tantamount to sexual harassment both to her, and to her daughter in appellant's presence. Appellant testified that she complained to the manager. Appellant ultimately quit her job after being told by the manager that she would only be working there another week or two. Appellant testified that on numerous occasions she worked only two or three hours, which was not even sufficient to pay for her transportation to and from work.

Appellant assigns a single error to the trial court:

### ASSIGNMENT OF ERROR
THE COURT OF COMMON PLEAS ERRED IN FAILING TO REVERSE THE BOARD OF REVIEW ON THE GROUNDS THAT THE BOARD OF REVIEW'S RULING WAS UNLAWFUL, UNREASONABLE, AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

Revised Code 4141.29(D) (2) (a) states in pertinent part:

"(D) Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits under the following conditions:

"* * *

"(2)For the duration of his unemployment if the administrator finds that:

"(a)He quit his work without just cause or has been discharged for just cause in connection with his work,...."

Appellant first urges that there was no proper evidence submitted by Peakload at the administrative hearing. Peakload was represented at the hearings by an employee who testified regarding the employment records, and to certain facts that appellant asserts are hearsay. She also urges that the employee should not have been permitted to represent Peakload at the administrative level because that employee is not an attorney. We reject this argument. Employer is permitted to authorize any person to represent it in the administrative hearings, Henize v. Giles (1986), 22 Ohio St. 3d 213.

Appellant further urges that she had just cause to quit her employment. "Just cause" is not a term that can be strictly defined, but rather is "that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act," Irvine v. Unemployment Compensation Board of Review (1985), 19 Ohio St. 3d 15, at 17, citing Peyton v. Sun T.V. (1975), 44 Ohio App. 2d 10, 12.

The Irvine court discussed the legislative purpose underlying the unemployment compensation act as to enable employees who are involuntarily unemployed to subsist on a

reasonably decent level, citing *Leach v. Republic Steel Corp.* (1964), 176 Ohio St. 221, 223. Further, the legislature intended for the fund to provide financial assistance for persons who are able and willing to work, but who are temporarily unemployed through no fault of their own, citing *Salzl v. Gibson Greeting Cards* (1980), 61 Ohio St.2d 35, 39; *Irvine, supra*, at 17.

In *Brown-Brockmeyer Co. v. Roach* (1947), 148 Ohio St. 511, the Supreme Court held that the administrative board functions as the trier of fact, and that courts of common pleas shall limit review to questions of law and of manifest weight of the evidence. Our scope of review is even narrower: whether the Court of Common Pleas abused its discretion, *Angelkovski v. Buckeye Potato Chip Co. Inc.* (1983), 11 Ohio App. 3d 159, citing *Rhode v. Farmer* (1970), 23 Ohio St. 2d 82.

The Board urges that *Irvine, supra*, requires that the appellant prove that she took all reasonable steps to alleviate the problem in order to be eligible for unemployment benefits. We hesitate to read *Irvine* that broadly. We find that appellant proved that she made reasonable efforts to deal with the problems before she left this employment.

The record shows that appellant spoke with the manager about his offensiveness, and instead of dealing with the problem, he told her she was being terminated. The Board urges that appellant could have taken numerous other reasonable steps to remedy the problem, and that as a matter of law she had to do so if she wanted to preserve her right to unemployment benefits. The Board suggested appellant could have contacted Peakload at its Texas office, from which her paycheck was mailed. In the alternative, the Board urges that appellant could have telephoned Peakload, and Peakload's field representatives would have been available to assist her in dealing with the problem. The evidence does not indicate, however, that appellant had access to the telephone number, nor was it demonstrated that she knew the existence of the field representatives.

The Board urges that because appellant's son, who worked for Peakload and at the station, had access to the above information, then appellant also did. This is speculative at best and is directly controverted by appellant's testimony. The record does clearly demonstrate, however, that appellant's son, who was the assistant manager at the service station, knew about the problems but had failed to report it to

Peakload because he felt it would be futile to do so. We find on the above facts, that appellant did that which was reasonably necessary to alleviate the problem, and that she was not required to continue in this employment situation.

We find the decision of the Board was against the manifest weight of the evidence, and therefore that the trial court abused its discretion in affirming that decision.

The assignment of error is sustained.

For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is reversed and the cause is remanded to that court for further proceedings according to law and not inconsistent with this opinion.

*Judgment reversed and cause remanded.*

HOFFMAN, P.J. and
GWIN, J. Concur.