O’Neill, J.,
concurring.
{¶ 35} I agree with the majority’s disposition of both the procedural and the substantive issues in this case. I write separately to emphasize that the unauthorized practice of law that occurred in this case is a very serious matter and that those who preside over administrative hearings should not permit it to occur.
{¶ 36} This court has taken pains to exercise its constitutional authority to limit the practice of law to licensed professionals while remaining cognizant of our “concomitant responsibility * * * not [to] exercise[e] this authority so rigidly that the public good suffers.” Henize v. Giles, 22 Ohio St.3d 213, 217, 490 N.E.2d 585 (1986). The accommodation we have struck permits the legislature and administrative agencies some leeway, but essential to that accommodation is the “concomitant responsibility” of the other branches of Ohio government to enforce the boundaries defined by this court.
{¶ 37} An examination of the circumstances in this case reveals that a clearly defined boundary was ignored. An officer and member of a limited-liability company who is not a lawyer filed the valuation complaint and appeared at the hearing before the Board of Tax Appeals (“BTA”) to present the case for the limited-liability company, which was the taxpayer. Our case law could not be clearer concerning what a person in that position may and may not do, consistent with the prohibition against the unauthorized practice of law. Patrick Bush was permitted, pursuant to R.C. 5715.19(A)(1), to prepare and file the complaint on *558 behalf of the limited-liability company. He was also entitled to present facts as a witness and to state the taxpayer’s claimed property value. Dayton Supply & Tool Co., Inc. v. Montgomery Cty. Bd. of Revision, 111 Ohio St.3d 367, 2006-Ohio-5852, 856 N.E.2d 926, syllabus. What Bush was not permitted to do was “make legal arguments” or “examine witnesses.” Id.
{¶ 38} The line between presenting the claimed value of the property and making legal arguments may at times be thin, but in this case Bush definitely transgressed a clear boundary when he cross-examined the county’s witness. Before the hearing had started, the county drew the attention of the BTA’s attorney examiner to the prospective unauthorized practice of law by filing a motion in limine; at the hearing, the county’s lawyer repeatedly objected to the unauthorized practice of law. Unaccountably, the motion and the objections were all overruled.
{¶ 39} Ohio attorneys are obligated to avoid assisting other persons in engaging in the unauthorized practice of law. Prof.Cond.R. 5.5(a). The attorney examiner in this case should have recognized and enforced the boundaries of nonlawyer conduct. That she did not points to the need for greater attention to this issue by administrative bodies and for a tightening of procedures.
{¶ 40} For example, even after their most recent update, the BTA’s rules continue to state that “a person may appear and act on behalf of a partnership, limited liability company, or association of which he or she is a member or on behalf of any corporation for which he or she is an officer if such partnership, limited liability company, association, or corporation is a party to the appeal,” without any qualification as to what that appearance and action may and may not consist of. Ohio Adm.Code 5717-1-02(A). In this case, the laxness of the rule may have contributed to the undue latitude afforded at the hearing. I urge the BTA and other administrative agencies to take all reasonable steps to assure that the unauthorized practice of law does not occur in the proceedings that they conduct.
{¶ 41} From a public-policy standpoint, the proscriptions on the unauthorized practice of law are clearly designed to protect the unsuspecting “clients” of would-be lawyers. As demonstrated by the case before us, BTA cases are sophisticated proceedings, full of legal traps for the unwary, in which millions of dollars of tax money are potentially at stake. This is not small-claims court. The tax base of a community and the economic viability of a corporation’s bottom line can be significantly impacted and it is essential that the rule of law prevail. To permit a person with no legal training to present legal arguments, conduct cross- *559 examination, and perform as a counselor in such a setting is a very serious matter indeed.
Dean Holman, Medina County Prosecuting Attorney, and Nathan E. Carnes, Assistant Prosecuting Attorney, for appellants.
Lanzinger, J., concurs in the foregoing opinion.