NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

THE MOORISH SUPREME COURT, et al., *Plaintiffs/Appellants*,

*v.*

THE SOCIAL SECURITY ADMINISTRATION, et al., *Defendants/Appellees*.

No. 1 CA-CV 19-0754
FILED 9-22-2020

---

Appeal from the Superior Court in Maricopa County
No. CV2019-006815
The Honorable Lindsay P. Abramson, Judge *Pro Tempore*

**AFFIRMED**

---

APPEARANCES

Johnny Ray Walls-Bey, Sheik, Tempe
*Plaintiff/Appellant*

---

## MEMORANDUM DECISION

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge David D. Weinzweig joined.

---

**W I L L I A M S**, Judge:

**¶1**         Sheik Johnny Ray Walls-Bey ("Walls-Bey"), claiming to represent the "Moorish Supreme Court of Equity and Truth," appeals the superior court's denial of a request to file a foreign judgment. We affirm.

### FACTUAL AND PROCEDURAL HISTORY[1]

**¶2**         In April 2019, Walls-Bey attempted to domesticate a document captioned, "Order Recognizing Moorish Americans as Non-Resident Alien Individuals," purportedly issued by the Moorish Supreme Court of Equity and Truth, an entity Walls-Bey also claims to represent. The superior court denied the request concluding: (1) "the [document] lodged by [Walls-Bey] is not a valid judgment obtained from a sister state that would allow for enforcement in Arizona;" (2) "[t]he [document] lodged by the Moorish Supreme Court of Equity and Truth, Inc. is not an actual order of a Court . . . entitled to full faith and credit in Arizona;" and (3) "Walls-Bey[] is not a licensed attorney who can represent a corporation." Walls-Bey timely appealed, and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-2101.

### DISCUSSION

**¶3**         "[T]he determination of who shall practice law in Arizona and under what condition is a function placed by the [Arizona] constitution in [the] court." *In re Shannon*, 179 Ariz. 52, 75 (1994) (quoting *Hunt v. Maricopa Cty. Emps.' Merit Sys. Comm'n*, 127 Ariz. 259, 261-62 (1980)); Ariz. Const. arts. 3 and 6, § 1. Our supreme court has mandated, subject only to

---

[1] Walls-Bey's opening brief contains a statement of facts without appropriate citations to the record as required under Arizona Rules of Civil Appellate Procedure 13. Therefore, we disregard the factual assertions in the brief and rely upon our review of the record. *See State Farm Mut. Auto. Ins. Co. v. Arrington*, 192 Ariz. 255, 257 n.1 (App. 1998).

enumerated exceptions not germane here, "no person shall practice law in [Arizona] . . . unless the person is an active member of the state bar." Ariz. R. Sup. Ct. 31(b). The "practice of law" includes "preparing any document . . . intended to affect or secure legal rights for a specific . . . entity." Rule 31(a)(2)(A)(1). Because Walls-Bey is not a member of the State Bar of Arizona, the superior court did not err in denying the request for domestication on that basis alone. Walls-Bey faces the same incurable obstacle on appeal.

**¶4**　　　　Even if, *arguendo*, Walls-Bey was authorized to seek registration of a foreign judgment on behalf of his client, the superior court did not err in denying the request.

**¶5**　　　　A.R.S. §§ 12-1701 and -1702 provides a process for any judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this state to be authenticated and registered as a foreign judgment in Arizona. "[T]he filing of the foreign judgment is simply a procedural method for giving full faith and credit to the judgment of a sister state," *Danis v. Ziff-Davis Pub. Co.*, 138 Ariz. 346, 348-49 (App. 1983) (citation omitted), and "does not create substantive rights not conferred by the full faith and credit clause of the U.S. Constitution, Art. 4, Sec. 1," *id.* (*relying on Jones v. Roach*, 118 Ariz. 146 (App. 1977)).

**¶6**　　　　Walls-Bey provides no cogent legal authority to support his claim that the Moorish American National Republic State, an Illinois corporation from whom he claims the Moorish Supreme Court of Equity and Truth derives its authority, is a sister state entitled to recognition of the judgments of its court(s). *See* ARCAP 13(a)(7)(A) (requiring briefs to include "supporting reasons for each contention" and "citations of legal authorities . . . [up]on which the appellant relies").

## CONCLUSION

**¶7**　　　　For the foregoing reasons, we affirm. Because he is not the successful or prevailing party on appeal, we deny Walls-Bey's request for an award of attorneys' fees and costs.

