939 P.2d 422

**In the Matter of a Member of the State Bar of Arizona, Lawrence B. SMITH, Respondent.**

**No. SB–95–0022–D.**

Supreme Court of Arizona, En Banc.

June 10, 1997.

State Bar of Arizona by Margaret H. Downie, Chief Bar Counsel, Phoenix, for State Bar of Arizona.

Lawrence B. Smith, Tucson, Pro Se.

## OPINION AND ORDER

FELDMAN, Justice.

On April 19, 1995, the State Bar filed a motion asking this court to summarily suspend Lawrence B. Smith (Respondent) for failure to comply with the mandatory continuing legal education (MCLE) requirements of Rule 45, Rules of the Supreme Court, for the 1992–93 and 1993–94 educational years. In accordance with Rule 45(h), the State Bar sent a notice of noncompliance to Respondent more than thirty days before filing its motion.

Respondent first contested the efforts to suspend him by filing a complaint in United States District Court alleging, among other things, that this court lacked authority to impose MCLE requirements, that summary suspension would violate his rights to due process, and that the failure to provide a hearing deprived him of his equal protection rights. The district judge dismissed the action under the abstention doctrine, and the Ninth Circuit Court of Appeals affirmed the ruling by Memorandum. *See Smith v. Feldman*, No. 96–15350, 1996 WL 552772 (9th Cir. Sept. 27, 1996).

Our consideration of the State Bar's motion was suspended until the federal court case was concluded. Respondent then filed his response to the motion, making the following arguments:

A. Imposition of MCLE requirements is a legislative rather than judicial function.

B. Requiring Respondent to satisfy MCLE requirements deprived him of due process of law.

C. The State Bar Board of Governors' procedures deprived Respondent of procedural due process and equal protection of the laws.

## DISCUSSION

### A. Imposition of MCLE requirements

■ Arguing that this court lacks the authority to impose mandatory continuing legal education requirements, Respondent contends that creating and imposing such requirements is a legislative act that transcends the court's judicial authority. We disagree.

Article III of the Arizona Constitution creates the judicial branch of government, separate and distinct from the other branches. The State Bar exists only by virtue of this court's rules, adopted under authority of article III and article VI, §§ 1 and 5 of the Arizona Constitution. Thus, Rule 31(a)(1) provides that this court may "perpetuate, create and continue" the State Bar under its "direction and control." Rule 31(a)(3) prohibits any person from practicing law in this state "unless he is an active member of the state bar" and sets the requirements for continuing as an active member in good standing. Among these is the MCLE requirement of Rule 45.

■ We do not believe these rules transcend the court's judicial authority. This court has long recognized that under article III of the Constitution "the practice of law is a matter exclusively within the authority of the Judiciary. The determination of who shall practice law in Arizona and under what condition is a function placed by the state constitution in this court." *Hunt v. Maricopa County Employees Merit Sys. Comm'n,* 127 Ariz. 259, 261–62, 619 P.2d 1036, 1038–39 (1980) (citations omitted). We conclude, therefore, that Respondent cannot prevail on his separation of powers argument.

### B. Respondent's due process rights

■ Respondent argues that imposition of MCLE requirements violates due process of law. But such requirements, we believe, are rationally related to this court's obligation to serve the public interest. We must ensure, insofar as possible, that those competent when admitted to practice retain that competency while continuing in practice. *See Verner v. Colorado,* 533 F.Supp. 1109 (D.Colo. 1982), *aff'd,* 716 F.2d 1352 (10th Cir.1983).

Respondent also argues that his due process rights were violated because the rules and regulations applicable to MCLE do not provide a procedure to avoid summary suspension for lawyers who, for excusable reasons, fail to comply. To the contrary, Rule 45(h) provides that the State Bar must send a notice of non-compliance at least thirty days before it files a motion seeking summary suspension. The lawyer may then comply by filing an affidavit of delinquent compliance pursuant to Rule 45(d). No showing is required and nothing need be done except file the affidavit and pay the delinquent fee. *See* Rule 45(d)(1). Respondent was given this opportunity. In fact, Respondent was sent several notices of his non-compliance; each notice provided an opportunity to correct the non-compliance. The rules also provide a lawyer the opportunity for reinstatement subsequent to any suspension. *See* Rules 45(h) and 71(b).

### C. The State Bar Board of Governors' procedures

■ Respondent alleges that the MCLE rules violate due process because they provide no opportunity to be excused from compliance when or if in ill health. Again he is mistaken. On a showing of undue hardship, Rule 45(b)(6) provides relief by way of exemption or extension. But Respondent did not avail himself of the opportunity for such relief until over sixteen months after the first affidavit deadline for the 1992–93 educational year. When Respondent sought relief for that year, he was granted an extension of time for filing. He still has not complied. His protests that ill health prevents such compliance were not established before the MCLE Committee. We do not find the Committee's conclusions erroneous, let alone an abuse of discretion. Given the fact that Respondent has actively engaged in litigation, represented himself before the District Court, the Ninth Circuit Court of Appeals, and this court, we see no reason he could not or cannot take fifteen hours per year of MCLE. We see no violation of due process.

■ Nor do we see any violation of equal protection simply because a lawyer who seeks review of the denial of MCLE credit hours has one type of hearing process while one who seeks exemption from MCLE requirements is given a different hearing

mechanism. *Cf. Warden v. State Bar of California*, 53 Cal.App.4th 510, 62 Cal.Rptr.2d 32 (1997) (equal protection violated when no rational basis existed for CLE-exempt classifications of "active" attorneys).

## ORDER

IT IS ORDERED that the State Bar's Motion for Summary Suspension for Respondent's failure to comply with the MCLE requirements of Rule 45 for the 1992–93 and 1993–94 educational years is granted. Upon submission of an appropriate order by bar counsel, Respondent will be suspended, subject to the opportunity for reinstatement in accordance with Rules 45(h) and 71(b).

ZLAKET, C.J., JONES, V.C.J., and MOELLER and MARTONE, JJ., concur.