NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE BAR OF ARIZONA, *Plaintiff/Appellee,*

*v.*

GEORGE M. PAPA, *Defendant/Appellant.*

No. 1 CA-CV 19-0058
FILED 11-21-2019

Appeal from the Superior Court in Maricopa County
Cause No. CV2018-003913

The Honorable Christopher A. Coury, Judge

**AFFIRMED**

COUNSEL

State Bar of Arizona, Phoenix
By Craig D. Henley
*Counsel for Plaintiff/Appellee*

George M. Papa, Phoenix
*Defendant/Appellant*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Jennifer M. Perkins joined.

---

**M c M U R D I E**, Judge:

¶1   George M. Papa appeals the superior court's judgment in favor of the Arizona State Bar, finding that Papa engaged in the unauthorized practice of law and enjoining him from doing so in the future. For the following reasons, we affirm the judgment.

### FACTS AND PROCEDURAL BACKGROUND

¶2   The facts are not disputed. Papa is not a licensed attorney in Arizona or any state. Believing that his neighbor, who was a defendant in a criminal case, was not receiving adequate representation from his court-appointed counsel, Papa prepared and filed various documents on his behalf with the Maricopa County Superior Court. These filings included a motion to dismiss and a petition for post-conviction relief. In March 2018, the Arizona State Bar filed a complaint alleging Papa engaged in the unauthorized practice of law. Because Papa admitted to actions that constitute the practice of law, the court granted the State Bar's motion for summary judgment. Papa timely appealed the court's entry of judgment, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).[1]

### DISCUSSION

¶3   Papa admits that he is not licensed to practice law and that over the past five years he has made "legal efforts" to "exonerate" a defendant. He argues that the United States Constitution "allows any

---

[1]  Papa also raises issues from the court's earlier dismissal of his countercomplaint against the State Bar and various third-party defendants for matters unrelated to this case. Papa failed to timely appeal the dismissals, which we previously addressed in orders. We also deny Papa's motion to impose sanctions on the State Bar under Arizona Rule of Civil Procedure 25.

person . . . to be a 'counselor' to help in any way, any criminal defendant, so long as such assistance meets with the approval of the accused."

¶4        A criminal defendant is entitled to "the Assistance of Counsel" for his or her defense. U.S. Const. amend. VI. "[A]n element of this right is the right of a defendant who does not require appointed counsel to choose who will represent him." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006). Papa argues that the word "counsel" is often wrongfully interpreted to mean a licensed lawyer. Contrary to Papa's argument, the United States Supreme Court has held that "courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Wheat v. United States*, 486 U.S. 153, 160 (1988). Thus, "[t]he Sixth Amendment right to choose one's own counsel is circumscribed in several important respects." *Id.* at 159. One such limitation is that "[r]egardless of his persuasive powers, an advocate who is not a member of the bar may not represent clients (other than himself) in court." *Id.; see also Faretta v. California*, 422 U.S. 806, 819 (1975) (the Sixth Amendment provides an independent right for self-representation).

¶5        Under Article 3 of the Arizona constitution, "the practice of law is a matter exclusively within the authority of the Judiciary." *In re Creasy*, 198 Ariz. 539, 541, ¶ 6 (2000) (quoting *In re Smith*, 189 Ariz. 144, 146 (1997)). "The determination of who shall practice law in Arizona and under what condition is a function placed by the state constitution in [the Supreme Court]." *Hunt v. Maricopa County Emp. Merit Sys. Comm'n*, 127 Ariz. 259, 261–62 (1980). Arizona Supreme Court Rule 31 defines the practice of law and provides a non-exhaustive list of conduct that, when performed by a person who is not authorized, constitutes the unauthorized practice of law. Ariz. R. Sup. Ct. 31(a)(2)(A), (B). Specific acts include: preparing a document intended to affect or secure legal rights for a particular person; representing another in a judicial proceeding; and preparing a document to be filed in any court for a specific person or entity. Ariz. R. Sup. Ct. 31(a)(2)(A). *See also State Bar of Ariz. v. Ariz. Land Title & Tr. Co.*, 90 Ariz. 76, 87 (1961) ("[T]hose acts, whether performed in court or in the law office, which lawyers customarily have carried on from day to day through the centuries must constitute 'the practice of law.'").

¶6        Papa admits that he committed various acts, including "mov[ing] the court to assign a public defender," preparing and filing a motion to dismiss, and preparing and filing a petition for post-conviction relief. These acts unequivocally constitute the representation of a client in

court and the practice of law. These acts are not protected by the Sixth Amendment, nor are they permitted by our supreme court.

## CONCLUSION

¶7        We affirm the judgment.



AMY M. WOOD • Clerk of the Court
FILED:  AA