Joseph D. PIUNTI, Esq. and Joseph Bernardino, Esq. and James S. Dooley, Esq. and David L. Bargeron, Esq., Petitioners

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF LABOR AND INDUSTRY, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Argued Nov. 15, 2006.

Decided Aug. 9, 2007.

Publication Ordered Oct. 17, 2007.

Joseph D. Piunti, Philadelphia, for petitioners.

Howard G. Hopkirk, Sr. Deputy Attorney General and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: SMITH–RIBNER, Judge, and PELLEGRINI, Judge, and FRIEDMAN, Judge, and LEADBETTER, Judge [1], COHN JUBELIRER, Judge, SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge LEADBETTER.

Before us in our original jurisdiction is the Motion for Summary Judgment filed by Joseph D. Piunti, Esq., Joseph Bernar-

---

1. This case was assigned to the opinion writer prior to the date when Judge Leadbetter assumed the status of President Judge on January 7, 2007.

dino, Esq., James S. Dooley, Esq., and David L. Bargeron, Esq. (Petitioners),[2] which is filed on the heels of their Amended Petition for Review in the Nature of a Complaint for Declaratory Judgment. Also before us is the Motion for Summary Relief filed by the Commonwealth of Pennsylvania, Department of Labor and Industry, Unemployment Compensation Board of Review, asking that judgment be granted in its favor on all of Petitioners' claims.

Petitioners filed their Amended Petition for Review and Motion for Summary Judgment following this court's February 3, 2005, decision in *Harkness v. Unemployment Compensation Board of Review*, 867 A.2d 728 (Pa.Cmwlth.2005) *(Harkness I)*, which held that the Unemployment Compensation Law (Law)[3] did not allow non-attorney, non-employees to represent corporate employers in unemployment proceedings because such conduct amounted to the unauthorized practice of law.[4] In their amended review petition, Petitioners averred that the General Assembly responded to this Court's decision in *Harkness I* by adopting Section 214 of Act 5 of 2005,[5] which provides: "Any party in any proceeding under this act before the department, a referee or the board may be represented by an attorney or other representative." According to Petitioners, adoption of this section violated Article V, Section 10 of the Pennsylvania Constitution, which vests the exclusive authority to regulate the practice of law with the Supreme Court of Pennsylvania, by allowing non-employee, non-attorneys to represent corporate employers in unemployment proceedings before the department, a referee, or the Board.[6] Therefore, Petitioners requested that this Court rule Section 214 unconstitutional, and further asked that we enjoin the Board from permitting non-employee, non-attorneys from practicing law before it.

On June 13, 2006, we overruled the Board's preliminary objections to the amended review petition based on lack of standing to sue and a demurrer for failure to state a claim on which relief could be granted. *See generally Piunti v. Dep't of Labor and Indus., Unemployment Compensation. Board of Review*, 900 A.2d 1017 (Pa.Cmwlth.2006).[7] Afterward, Petitioners filed the instant Motion for Summary Judgment. An en banc panel of this court heard argument on the motion on November 15, 2006. While our decision was pending, our Supreme Court handed

---

2. Petitioners are licensed attorneys who regularly practice unemployment compensation law.

3. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751–914.

4. This Court has since been reversed in *Harkness v. Unemployment Compensation Board of Review*, 591 Pa. 543, 920 A.2d 162 (2007) *(Harkness II)*.

5. Section 214 of the Law, 43 P.S. § 774, *added by* Section 3 of the Act of June 15, 2005, P.L. 8.

6. Article V, Section 10(c) of the Pennsylvania Constitution provides in pertinent part:

> The Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts, justices of the peace and all officers serving process or enforcing orders, judgments or decrees of any court or justice of the peace, ... and for admission to the bar and to practice law....

Pa. Const. art. V, § 10(c).

7. We, however, granted the Board's preliminary objection to impertinent matter contained in the amended review petition and, therefore, struck Petitioners' incorrect allegations that Section 702 of the Law, 43 P.S. § 862, was amended by Act 5 of 2005 subsequent to our decision in *Harkness I*. That section, relating to limitation of fees, has not been amended since 1951.

down its plurality decision in *Harkness v. Unemployment Compensation Board of Review*, 591 Pa. 543, 920 A.2d 162 (2007) (*Harkness II*),[8] determining that "a non-lawyer representative representing an employer in unemployment compensation proceedings before a referee is not engaging in the practice of law and that the Unemployment Compensation Law permits such representation." *Id.* at 558, 920 A.2d at 171. The Board then requested permission to file a Motion for Summary Relief and supporting memorandum of law, which we granted. Having reviewed the Board's motion and Petitioners' response thereto, the matters before us are now ready for disposition.

First, we consider Petitioners' Motion for Summary Judgment,[9] which was filed before the plurality decision in *Harkness II*, reversing this court's earlier determination that a non-attorney may not represent an employer at an unemployment compensation hearing before a referee, and remanding the case for further proceedings. In Petitioners' brief in support of their motion, they argue as follows:

In the case at bar, the Commonwealth Court issued the *Harkness* opinion on February 3, 2005, and subsequently the General Assembly passed section 214 of the Unemployment Compensation Law. The Petitioners have standing as aggrieved individuals, as they demonstrated an immediate, direct and substantial interest in the outcome of the litigation. It is undisputed that the general public does not have a license to practice law, *and non-attorneys are practicing law in unemployment proceedings as a replacement for Pennsylvania's licensed attorneys. There is no genuine issue of any material fact that Petitioners are negatively impacted by competing directly with non-attorneys. Lastly, the passage of Section 214 of the Law, violates Article V, Section 10, of the Pennsylvania Constitution as it infringes upon the Supreme Court's exclusive jurisdiction over all matters related to the practice of law.*

Petitioners' Brief in Support of Motion for Summary Judgment at 9–10 (emphasis added).

 It is undisputed that the Pennsylvania Supreme Court has the inherent, exclusive power to oversee the practice of law in the Commonwealth of Pennsylvania, as well as the conduct of the attorneys who act as its officers. *Office of Disciplinary Counsel v. Marcone*, 579 Pa. 1, 7, n. 3, 855 A.2d 654, 658, n. 3 (2004); Pa. Const. art. V, § 10(c). Viewing the record in the light most favorable to the Board as the non-moving party, we cannot, in light of *Harkness II*, say that the adoption of Section 214 of the Law was a violation of Article V, Section 10 of the Pennsylvania Constitution. Rather, since in its Opinion Announcing the Judgment of the Court, our Supreme Court has opined that non-employee, non-lawyers representing parties

8. Cappy, J., authored the Opinion Announcing the Judgment of the Court, joined by Baer, J., with Saylor, J., concurring in the result; Eakin and Castille, JJ., dissented and Newman and Nigro, JJ., did not participate.

9. We explained in *Elliott–Reese v. Medical Professional Liability Catastrophe Loss Fund*, 805 A.2d 1253, 1257 (Pa.Cmwlth.2002):
[S]ummary judgment may be granted only in those cases where the record clearly shows that there exist no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Marks v. Tasman*, 527 Pa. 132, 589 A.2d 205 (1991). On a motion for summary judgment, the record must be viewed in a light most favorable to the opposing party, and all doubts as to the existence of a genuine issue of material fact must be resolved in favor of the nonmoving party. *Kapres v. Heller*, 536 Pa. 551, 640 A.2d 888 (1994).

in unemployment compensation proceedings are not practicing law, Petitioners are clearly not entitled to summary judgment on their claim. Therefore, Petitioners' Motion for Summary Judgment is denied.

 With respect to the Board's Motion for Summary Relief, we agree that, while the Supreme Court's plurality decision in *Harkness II* is not precedential,[10] its reasoning is still highly persuasive,[11] and, thus, guides our determination here. First, we note that *Harkness II* reversed this court's earlier *Harkness* decision, upon which Petitioners relied to support their claim that Section 214 should be declared unconstitutional. Second, the Chief Justice in *Harkness II* noted that "numerous other states [for example, Illinois, Michigan and Ohio] have come to similar conclusions with respect to their unemployment compensation systems," *Harkness II*, 591 Pa. at 554, 920 A.2d at 169,

noting in particular the persuasive reasoning of the Ohio Supreme Court in *Henize v. Giles*, 22 Ohio St.3d 213, 490 N.E.2d 585 (1986).[12] And, perhaps most important, the plurality explained that, in harmony with its interpretation of the Unemployment Law, "the Board has long interpreted the Law to permit both claimants and employers to be represented by non-lawyers in proceedings before an unemployment compensation referee. An interpretation by the agency charged with the administration of a particular law is normally accorded deference, unless clearly erroneous." *Id.* at 557, 920 A.2d at 171 (citation omitted).[13]

Simply stated, in reversing this court's decision in *Harkness I* that a non-employee, non-attorney could not represent an employer at an unemployment compensation hearing, our Supreme Court

10. *See Wissinoming Bottling Co. v. Sch. Dist. of Philadelphia*, 654 A.2d 208, 212 n. 6 (Pa. Cmwlth.1995) [citing *Commonwealth v. Little*, 432 Pa. 256, 248 A.2d 32 (1968)].

11. *Cf. Gravinese v. Johns–Manville Corp.*, 324 Pa.Super. 432, 471 A.2d 1233, 1237 (1984).

12. In *Harkness II*, Chief Justice Cappy quoted the following language from *Henize*:

The finding is inescapable that because of the character of the proceedings in light of the interest at stake, lay representation does not pose a hazard to the public in this limited setting. Our conclusion is bolstered by the clear recognition that lay representation has been the practice since the inception of Ohio's unemployment compensation program in 1936.... Our decision today does not reach nor permit the rendering of legal advice regarding unemployment compensation laws or board orders. Rather, our narrow holding merely permits lay representation of parties to assist in the preparation and presentation of their cause in order to facilitate the hearing process. We believe board hearings should not be turned into adversarial proceedings since they are legislatively designed to function as an informal mechanism through which the refer-

ee, in a participatory capacity, ascertains the facts involved. In light of the serious detriment to claimants and employers which would result if the current system were unnecessarily disturbed, we deem this to be an appropriate and *limited setting* in which to authorize lay representation by granting due deference to the statute and agency rule.

591 Pa. at 554–55, 920 A.2d at 169 [quoting *Henize*, 22 Ohio St.3d at 219–20, 490 N.E.2d at 589–90 (emphasis in original)].

13. We also note that, while the dissent in *Harkness II* would hold that non-employee, non-lawyer representatives may not represent employers in unemployment compensation proceedings because such conduct amounts to the unauthorized practice of law, the dissent did not clearly indicate that it would hold Section 214 unconstitutional. Instead, the dissent indicated that it would interpret the word "representative" in Section 214 to relate to "a corporate officer or member of the corporation's own staff," *id.* at 559, 920 A.2d at 172 (Eakin, J., dissenting) and, thus, the word could include a non-lawyer essentially engaged in enabling the corporation to appear "pro se." *Id.*

has removed the underlying support for Petitioners' claim that Section 214 is unconstitutional. Thus, the Board is entitled to judgment on Petitioners' claim as a matter of law.

Petitioners' Motion for Summary Judgment is denied, and the Board's Motion for Summary Relief is granted.

## *ORDER*

AND NOW, this 9th day of August, 2007, Petitioners' Motion for Summary Judgment in the above captioned matter is hereby DENIED. The Motion for Summary Relief filed by Respondent, Commonwealth of Pennsylvania, Department of Labor and Industry, Unemployment Compensation Board of Review, is GRANTED.